1

**WRIGHT, FINLAY & ZAK, LLP**

2  Renee M. Parker, Esq., SBN 256851

3  4665 MacArthur Court, Suite 200
Newport Beach, CA  92660

4  Tel: (949) 610-7023; Fax: (949) 477-9200

5  rmparker@wrightlegal.net
WFZ File No. 214-2013874

6

7  Attorney for Defendants,
OCWEN LOAN SERVICING, LLC as attorney in fact for DEUTSCHE BANK

8  NATIONAL TRUST COMPANY, AS TRUSTEE FOR GSAMP TRUST 2005-WMC1

9  and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.

10

11                    UNITED STATES DISTRICT COURT

12                    EASTERN DISTRICT OF CALIFORNIA

13

| | |
|---|---|
| 14  AMOS G. SNELL,                              ) | Case No.: 2:13-cv-02178-MCE-DAD |
| 15                              Plaintiff,      ) | |
| 16  vs.                                         ) | **NOTICE OF MOTION AND** |
| 17                                              ) | **MOTION FOR JUDGMENT ON THE** |
| 18  DEUTCHE BANK NATIONAL                       ) | **PLEADINGS; MEMORANDUM OF** |
| 19  TRUST COMPANY, AS TRUSTEE                   ) | **POINTS AND AUTHORITIES IN** |
| 20  FOR GSAMP TRUST 2005-WMC1;                  ) | **SUPPORT OF MOTION FOR** |
| 21  OCWEN LOAN SERVICING, LLC;                  ) | **JUDGMENT ON THE PLEADINGS** |
|   QUALITY LOAN SERVICE                          ) | |
| 22  CORPORATION; MORTGAGE                       ) | Hearing |
| 23  ELECTRONIC REGISTRATION                     ) | Date:  December 19, 2014 |
|   SYSTEMS, INC.; AND DOES 1-100;                ) | Time:  10:00 a.m. |
| 24                                              ) | Ctrm.: 27, 8th Floor |
|                              Defendants.        ) | Place:  501 I Street, Sacramento, CA 95814 |
| 25                                              ) | |
| 26                                              ) | |

27

28

1

NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on December 19, 2014 at 10:00 a.m. or as soon thereafter as may be heard, in Courtroom 27, of the above-entitled Court located at 501 I Street, Sacramento, CA 95814, pursuant to the *Federal Rules of Civil Procedure* ("FRCP"), Rule 12(b)(6), Defendants OCWEN LOAN SERVICING, LLC as attorney in fact for DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR GSAMP TRUST 2005-WMC1 ("DBNTC") and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ("MERS") (collectively "Defendants") will and hereby does move this Court for an order dismissing, with prejudice, the Complaint of plaintiff AMOS G. SNELL ("Plaintiff").

This Motion is made and based upon Rule 12(c) of the *Federal Rules of Civil Procedure*, and is based on the ground that Plaintiffs fail to state a claim upon which relief may be granted.

This Motion is based upon this Notice, the attached Memorandum of Points and Authorities, and upon all papers and documents on file herein, the Court's files concerning this action, together with those facts and documents of which the parties request judicial notice and/or matters which judicial notice is proper, as well as any oral argument that may be presented at the time of the hearing.

///
///
///
///
///
///
///
///
///

NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on December 18, 2014 at 2:00 p.m. or as soon thereafter as may be heard, in Courtroom 7, of the above-entitled Court located at 501 I Street, Sacramento, CA 95814, pursuant to the *Federal Rules of Civil Procedure* ("FRCP"), Rule 12(b)(6), Defendants OCWEN LOAN SERVICING, LLC as attorney in fact for DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR GSAMP TRUST 2005-WMC1 ("DBNTC") and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ("MERS") (collectively "Defendants") will and hereby does move this Court for an order dismissing, with prejudice, the Complaint of plaintiff AMOS G. SNELL ("Plaintiff").

This Motion is made and based upon Rule 12(c) of the *Federal Rules of Civil Procedure*, and is based on the ground that Plaintiffs fail to state a claim upon which relief may be granted.

This Motion is based upon this Notice, the attached Memorandum of Points and Authorities, and upon all papers and documents on file herein, the Court's files concerning this action, together with those facts and documents of which the parties request judicial notice and/or matters which judicial notice is proper, as well as any oral argument that may be presented at the time of the hearing.

///
///
///
///
///
///
///
///
///

NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS

1    Any opposition to this Motion must be filed with the clerk and served on the

2  moving party within fourteen (14) days. A reply to the opposition must be filed within

3  seven (7) days of the date the opposition was filed and served.

4

5                                              Respectfully submitted,
                                               WRIGHT, FINLAY & ZAK, LLP
6  Dated:  November 4, 2014          By:   /s/ Renee M. Parker

7                                             Renee M. Parker, Esq.
                                               Attorneys for Defendants, OCWEN LOAN
8                                             SERVICING, LLC as attorney in fact for
                                               DEUTSCHE BANK NATIONAL TRUST
9                                             COMPANY, AS TRUSTEE FOR GSAMP
                                               TRUST 2005-WMC1 and MORTGAGE
10                                            ELECTRONIC REGISTRATION SYSTEMS,
                                               INC.
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS

# TABLE OF CONTENTS

**Page No.**

MEMORANDUM OF POINTS AND AUTHORITIES .......................................... 1

INTRODUCTION ............................................................................................... 1

STATEMENT OF FACTS ................................................................................... 1

DISCUSSION ...................................................................................................... 3

I.     STANDARD FOR MOTION FOR JUDGMENT ON THE
       PLEADINGS .............................................................................................. 5

II.    ALL OF PLAINTIFF'S CAUSES OF ACTION FAIL ............................. 3

       A.     Plaintiff Fails To Join Necessary Parties ....................................... 3

       B.     There Is No Right Of Action To Challenge Standing To Foreclose ........... 4

       C.     Securitization Of The Loan Has No Effect On Defendants' Authority
              To Foreclose ...................................................................................... 6

       D.     Plaintiff Failed To Tender ................................................................ 8

       E.     Plaintiff Failed To Disclose Any Cause Of Action In His Bankruptcy
              Case And Is Barred By Collateral Estoppel .................................... 9

III.   THE FIRST CAUSE OF ACTION FOR SLANDER OF TITLE FAILS TO
       MEET THE NECESSARY ELEMENTS ................................................. 10

       A.     Plaintiff Has No Standing To Sue For Slander Of Title ............... 10

       B.     Defendants Are Protected By Privilege .......................................... 11

       C.     Plaintiff Cannot Establish Any Malice On The Part Of Defendants ........ 12

IV.    THE THIRD AND FOURTH CAUSES OF ACTION FOR BREACH OF
       CONTRACT AND BREACH OF IMPLIED AGREEMENT FAIL ................. 13

V.     THE FIFTH CAUSE OF ACTION FOR VIOLATION OF *BUSINESS & PROFESSIONS CODE* §17200 FAILS ................................................................ 14

VI.    THE SIXTH CAUSE OF ACTION FOR TILA VIOLATIONS FAILS ............ 14

       A.     Plaintiff's TILA Claims Are Time Barred ................................. 14

       B.     Plaintiff Is Not Entitled To Toll The Statute Of Limitations .................... 15

       C.     Defendants Are Not Liable For Any TILA Violations ............................ 16

       D.     Plaintiff Has Not Alleged Tender Of The Loan Proceeds ........................ 17

       E.     The Property Has Already Been Sold ...................................... 18

VII.   THE SEVENTH CAUSE OF ACTION FOR VIOLATION OF THE FDCPA FAILS ................................................................................ 18

VIII.  PLAINTIFF'S EIGHTH CAUSE OF ACTION FOR RICO VIOLATIONS FAILS ................................................................................ 19

       A.     The Conduct Alleged Is Not Within The Scope Of The RICO Statute ............................................................................. 19

       B.     Plaintiff Cannot Properly Plead The Elements of Civil RICO ................. 20

IX.    ALL OF PLAINTIFF'S CAUSES OF ACTION ARE TIME-BARRED ........... 22

IV.    CONCLUSION ................................................................ 16

# TABLE OF AUTHORITIES

Page No.

**Cases**

*Agency Holding Corp. v. Malley-Duff & Associates, Inc.*,
 483 U.S. 143, 156 (1987) ............................................................32

*Albertson v. Raboff,*
 (1956)46 Cal. 2d 375, 295 P.2d 405....................................21

*Allington v. Carpenter,*
 619 F.Supp. 474 (C.D. CA 1985) ....................................30

*American Insurance Company v. Lacelaw Corp.*,
 861 F.2d 224, 226 (9th Cir. 1988) ....................................18

*Appel v. Burman,*
 (1984) 159 Cal. App. 3d 1209, 1214, 206 Cal. Rptr. 259 ................21

*Arabia v. BAC Home Loans Servicing, L.P.*,
 (2012) 208 Cal.App.4th 462, 473 ....................................16

*Armeni v. America's Wholesale Lender,*
 (C.D. Cal., 2012) 2012 WL 253967, *2 ....................................15

*Arnolds Mgmt. Corp. v. Eischen,*
 (1984) 158 Cal. App. 3d 575, 578-579...............................17, 18

*Aryeh v. Canon Business Solutions, Inc.*,
 55 Cal.4th 1185, 1192-93 ....................................32

*Ayon v. JPMorgan Chase Bank, N.A.*,
 2012 WL 1189455, *8 (E.D.Cal., 2012) ....................................24

*Beach v. Ocwen Fed. Bank,*
 523 U.S. 410, 412 (1998) ....................................24

*Buran Equipment Company v. Hydro Electric Constructors, Inc.*,
 656 F.Supp. 864, 866 (N.D.CA 1987)....................................30

iii

*Chang v. Chen,*

    80 F.3d 1293 (9th Cir. 1996)..........................................................30

*Chavez v. U.S.,*

    (9th Cir. 2012) 683 F3d 1102, 1108–1109..................................12

*Chrysler Credit Corp v. Ostly,*

    (1974) 42 Cal. App. 3d 633, 674, 117 Cal. Rptr. 167.................21

*Clegg v. Cult Awareness Network,*

    18 F.3d. 752, 754-55 (9th Cir. 1994).........................................29

*Comwest, Inc. v. American Operator Services, Inc.,*

    765 F.Supp. 1467, 1477 (C.D. CA 1991)...................................31

*Debrunner v. Deutsche Bank National Trust Co.,*

    (2012) 204 Cal.App.4th 433, 440–442.......................................13

*Deernick v. Heritage Plaza Mortg., Inc.,*

    2012 WL 1085520 at *5 (E.D. Cal March 30, 2012)................16

*Durell v. Sharp Healthcare,*

    (2010) 183 Cal. App. 4th 1350, 1367...................................22, 23

*Emery v. Visa International Service Association,*

    (2002) 95 Cal.App.4th 952, 960.................................................23

*Fleming v. Pickard,*

    (9th Cir. 2009) 581 F3d 922, 925...............................................12

*Fontenot v. Wells Fargo Bank, N.A.,*

    (2011) 198 Cal.App.4th 256, 268.........................................15, 16

*Glaski v. Bank of America, N.A.,*

    218 Cal.App.4th 1079..................................................................13

*Gomes v. Countrywide Home Loans, Inc.,*

    (2011) 192 Cal.App.4th 1149...............................................14, 15

*Gudger v. Manton,*

    (1943) 21 Cal. 2d 537, 541-543, 134 P.2d 217..........................21

*Gutierrez v. Givens,*
  1 F.Supp.2d 1077, 1085................................................................................29
*Hafiz v. Greenpoint Mortgage Funding, Inc.,*
  (N.D. Cal., 2009) 652 F. Supp. 2d 1039, 1043..........................................15
*Harper v. New Japan Securities International, Inc.,*
  545 F. Supp. 1002, 1007 (C.D. CA. 1982)................................................29
*Heintz v. Jenkins,*
  514 U.S. 291, 294, 115 S.Ct. 1489, 131 L.Ed.2d 395 (1995).....................27
*Hill v. Allan,*
  259 Cal. App. 2d 470, 490, 66 Cal. Rptr. 676 (1st Dist. 1968)..................21
*Howard v. Schaniel,*
  (1980) 113 Cal. App. 3d 256, 263-64, 169 Cal. Rptr. 678.........................21
*Hubbard v. Fidelity Federal Bank,*
  91 F.3d 75, 70 (9th Cir.1996)...................................................................25
*Hulse v. Ocwen Fed. Bank,*
  (2002) 195 F. Supp. 2d 1188, 1204.....................................................27, 32
*Ines v. Countrywide Home Loans, Inc.,*
  2008 WL 2795875 (S.D. Cal.)..................................................................28
*Izenberg v. ETS Services, LLC,*
  589 F.Supp.2d 1193, 1199 (C.D.Cal.2008)...........................................28, 32
*Jenkins v. JP Morgan Chase Bank, N.A.,*
  (2013) 216 Cal.App.4th 497, 511-512.............................................13, 14, 15
*Jubelirer v. Mastercard Int'l, Inc.,*
  68 F.Supp.2d 1049, 1052-53 (W.D. WI 1999)..........................................30
*Junger v. Bank of Am.,*
  (C.D. Cal., 2012) 2012 WL 603262, at *3 .................................................15
*Justo v. Charter Capital Corp.,*
  2012 WL 359738, *5 (N.D.Cal., 2012).....................................................25

*Karlsen v. Gibralter Sav. & Loan Assn.*,

(1974) 15 Cal.App.3d 112, 117 ...................................................................... 18

*Keshtgar v. U.S. Bank, N.A. as Trustee*,

226 Cal.App.4th 1201, 1206-07 (2014) .................................................... 13, 15

*Khoury v. Maly's of California*,

14 Cal. App. 4th 612, 619, (1993) ................................................................ 23

*King v. California*,

784 F.2d 910, 915 (9th Cir.1986) ...................................................... 24, 25, 31

*Levy v. State Farm Mut. Auto Ins. Co.*,

150 Cal. App. 4th 1, 5 (2007) ...................................................................... 22

*Luce v. United States*,

(1984) 469 U.S. 38, 40 ................................................................................ 24

*McLaren v. ReconsTrust Company, N.A.*,

2012 WL 684747, *4 (S.D.Cal., 2012) ......................................................... 25

*Medina v. EMC Mortg. Corp.*,

2010 U.S. Dist. LEXIS 62746, 2010 WL 2573006, *3 (N.D. Cal. 2010) ...................... 32

*Nool v. HomeQ Servicing*,

E.D.Cal.2009, 653 F.Supp.2d 1047 .............................................................. 27

*Occupational-Urgent Care Health Systems, Inc. v. Sutro & Co.*,

711 F.Supp. 1016, 1020-22, 1025-26 (E.D. CA 1989) .................................... 30

*Ohlendorf v. American Brokers Conduit*,

2012 WL 718682 .......................................................................................... 25

*Oscar v. University Students Co-Operative Assn.*,

965 F.2d 783, 786 (9th cir.), *cert. denied*, 506 U.S. 1020 (1992) ................... 28

*Perry v. Stewart Title Co.*,

756 F.2d 1197, 1208 (5th Cir.1985) ............................................................. 27

*R.J. Corman Derailment Services, LLC v. Int'l Union of Operating Engineers, Local*
  *Union 150, AFL–CIO,*
  (7th Cir. 2003) 335 F3d 643, 647 ........................................................................... 12

*Reyes v. GMAC Mortgage LLC,*
  (2011 D.Nev., Apr. 5, 2011, No. 2:11-CV-100 JRM (RJJ)) 2011 U.S. Dist. Lexis 40953
  at p. *6-7 ......................................................................................................... 16

*Risetto v. Plumbers and Steamfitters Local 343,*
  94 F.3d 597, 600 (9th Cir. 1996) ........................................................................ 18

*Robinson v. Countrywide Home Loans, Inc.,*
  (2011) 199 Cal.App.4th 42, 45-46 ...................................................................... 15

*Santa Maria v. Pacific Bell,*
  202 F.3d 1170, 1178 (9th Cir.2000 ............................................................. 24, 25

*Scholar v. Pac. Bell,*
  963 F.2d 264, 267–268 (9th Cir.1992 ............................................................... 25

*Sedima v. Imrex Co., Inc.,*
  473 U.S. 479, 496 (1985) .................................................................................. 29

*Seeley v. Seymour,*
  (1987) 190 Cal. App. 3d 844, 857, 237 Cal. Rptr 282 ....................................... 21

*Siliga v. Mortgage Electronic Registration Systems, Inc.,*
  (2013) 219 Cal.App.4th 75, 82-83 ............................................................... 14, 17

*Spencer v. Harmon Enterprises, Inc.,*
  234 Cal. App. 2d 614, 622-625, 44 Cal. Rptr. 683 (4th Dist. 1965) .................. 21

*Student Loan Mktg. Ass'n,*
  181 F.R.D 629, 639 (S.D. Cal. 1998) ................................................................ 29

*Taylor v. Money Store,*
  42 Fed. Appx. 932 (9th Cir.2002) ..................................................................... 24

*Taylor v. Quality Hyundai, Inc.,*
  150 F.3d 689, 694 (7th Cir.1998) ..................................................................... 26

*Truck Ins. Exchange v. Bennett,*
  (1997) 53 Cal.App.4th 75, 84, fn. 3, 61 Cal.Rptr.2d 497..................................20
*Turner v. Bank of Am. Home Loans,*
  2013 WL 5498091, at *1 (9th Cir. Oct. 4, 2013) ...........................................17
*Van Schaick v. Church of Scientology,*
  535 F. Supp. 1125, 1137 (D. Mass. 1982).....................................................29
*Voest-Alpine Trading USA Corp. v. Bank of China,*
  (5th Cir. 1998) 142 F3d 887, 891 ...............................................................12
*Wadhwa v. Aurora Loan Servs., LLC,*
  (E.D. Cal., 2011) 2011 WL 2681483, at *4 ..................................................15
*Walker v. Equity 1 Lenders Grp.,*
  2009 WL 1364430 at *6 (S.D. Cal. May 14, 2009) ........................................24
*Yamamoto v. Bank of New York,*
  329 F.3d 1167, 1171 (9th 2003) ...............................................................26
*Yanez v. United States,*
  989 F.2d 323, 326 (9th Cir. 1993) ...........................................................19

**Statutes**

*Bus. and Prof. Code* § 17200 ...............................................................23, 32
*Bus. & Prof. Code* § 17204 ......................................................................23
*Bus. & Prof. Code* § 17208 ......................................................................32
*California Civil Code* § 1788.2(c) ...........................................................27
*Civil Code* § 47(b) ..................................................................................20
*Civil Code* § 2924..............................................................................14, 16
*Civil Code* § 2924 (a)(1) .........................................................................17
*Civil Code* § 2924(d) ..............................................................................20
*Code Civ. Proc.* § 343 .............................................................................32
*Code Civ. Proc.* § 337(1) .........................................................................31
*Code Civ. Proc.* § 338(b) .........................................................................31

*Code Civ. Proc.* § 338(g) ...................................................................... 31

**Federal Statutes**

15 U.S.C. § 1635 ................................................................................. 26

15 U.S.C. § 1635(f) ...................................................................... 24, 27

15 U.S.C. § 1640(e) ...................................................................... 24, 32

15 U.S.C. § 1641(a) ............................................................................ 26

15 U.S.C. § 1641(d)(1) ....................................................................... 26

15 U.S.C. § 1692k(d) .......................................................................... 32

18 U.S.C. § 1961(4) ............................................................................ 30

**Rules**

*FRCP,* Rule 12( c) ............................................................................. 12

*FRCP,* Rule 12(b)(6) ......................................................................... 12


**Other Authorities**

5 Miller & Starr Cal. Real Estate §11:40 (3d ed. 2000) ..................... 19

5 Miller & Starr Cal. Real Estate 3d §11:46, p 119-20 ...................... 21

5 Miller & Starr Cal. Real Estate 3d §11:46, p 120-121 .................... 21

Miller & Starr Cal. Real Estate 3d §11:46, p 120, citing Rest.2d Torts, §624, cmt a, sec 3,

   §623A, cmt d, para 1, 2 ................................................................ 21

Rest.2d Torts, §624 ............................................................................ 21

Slander of Title: Sufficiency of Plaintiff's Interest in Real Property to Maintain Action

   (1991) 86 A.L.R.4th 738, 742, § 2 ............................................... 20

## MEMORANDUM OF POINTS AND AUTHORITIES

### INTRODUCTION

Plaintiff's Complaint suffers from fundamental, fatal defects. At the heart of the allegations, Plaintiff challenges the standing of the Defendants to conduct a foreclosure, relying on various speculative and outright rejected legal theories in an attempt to declare the subject loan invalid, and that these Defendants, OCWEN LOAN SERVICING, LLC as attorney in fact for DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR GSAMP TRUST 2005-WMC1 ("DBNTC") and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ("MERS") (collectively "Defendants") have no right or interest in the subject real property. Further, Plaintiff lacks standing to sue, and fails to name the co-borrower on the subject loan as well as the current owner of the real property. Plaintiff does not satisfy the elements of any of his causes of action, and Defendants are entitled to judgment as a matter of law.

Moreover, Plaintiff has lived in the Property rent-free and without payment since his default in January, 2008, *almost seven years*, all while using the court system in a bad faith effort to vex and harass Defendants, which has prejudiced them while causing Defendants to incur costs in several meritless litigations.

### STATEMENT OF FACTS

On or about June 7, 2005, Plaintiff and Denise Thomas (a nonparty) borrowed $729,000.00 and executed a promissory note evidencing this loan (the "Loan") (Complaint ¶10; Exhibit A thereto). Repayment of the Loan was secured by a deed of trust ("DOT") on the subject real Property located at 2808 Olivewood Lane, Vallejo, California 94591 (the "Property") which was recorded on June 14, 2005. The DOT names Plaintiff and Denise Thomas as borrowers, together as joint tenants, and names WMC Mortgage Corp. as the lender, and Mortgage Electronic Registration Systems, Inc. ("MERS") as beneficiary under the DOT and nominee for the Lender and Lender's successors and assigns(Request for Judicial Notice ("RJN") Exh. "1").

///

NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS

1   On or about April 8, 2008, an Assignment of the DOT was executed, whereby

2   MERS assigned its interest as beneficiary under the DOT to "Deutsche Bank National

3   Trust Company as trustee under the Pooling and Servicing Agreement dated as of

4   September 1, 2005, GSAMP Trust 2005-WMC1" (RJN Exh. "2").

5   Also on April 8, 2008, a Substitution of Trustee ("SOT") was executed, substituting

6   Quality Loan Service Corporation ("Quality") as the new trustee under the DOT.  The

7   Substitution of Trustee was recorded on May 21, 2008 (RJN Exh. "3").

8   On April 9, 2008, after Plaintiff and Ms. Thomas accrued $25,299.84 in loan

9   payment arrearages, a Notice of Default (the "NOD") was recorded, which commenced

10   foreclosure proceedings (RJN Exh. "4").

11   A Notice of Trustee Sale was later recorded on October 31, 2008 (RJN Exh. "5").

12   Subsequent Notices of Sale were also recorded on January 5, 2010 (RJN Exh. "6"), March

13   16, 2011 (RJN Exh. "7"), November 18, 2011 (RJN Exh. "8"), January 31, 2012 (RJN

14   Exh. "9"), February 15, 2012 (RJN Exh. "10"), and March 29, 2012 (RJN Exh. "11").

15   On December 30, 2010, a Quitclaim Deed from Plaintiff Snell was recorded,

16   conveying his interest in the Property to a Curtis Van Nixon, as Trustee of the 915221944

17   Trust under Trust Agreement Dated November 16, 2010 (RJN Exh. "12").  The Co-

18   Borrower did not execute this Quitclaim Deed, so she did not convey her interest.

19   On or about March 19, 2012, a second Assignment of the DOT was executed,

20   whereby Deutsche Bank National Trust Company as trustee under the Pooling and

21   Servicing Agreement dated as of September 1, 2005, GSAMP Trust 2005-WMC1

22   assigned the beneficial interest under the DOT to DBNTC (RJN Exh. "13").

23   On April 25, 2012, another Grant Deed was recorded, purporting to convey the

24   Property from Plaintiff Snell to The Amos G. Snell Revocable Trust, Amos G. Snell,

25   Denise Thomas, Seda Natan and Vhenik Vardumyan as Co-Trustees (RJN Exh. "14").

26   The Co-Borrower did not execute this deed, so again, did not convey her interest.

27   The foreclosure sale was completed on October 17, 2012, and a Trustee's Deed

28   Upon Sale was recorded on October 24, 2012 (RJN Exh. "15").  On April 11, 2013, a

-2-

Grant Deed was recorded, in which Deutsche Bank National Trust Company as trustee for GSAMP Trust 2005-WMC1 granted the Property to Next Generation Capital, LLC (RJN Exh. "16"), which is not named as a party to the action.

## DISCUSSION

### I.   STANDARD FOR MOTION FOR JUDGMENT ON THE PLEADINGS.

The purpose of a Rule 12( c) motion is to test the sufficiency of the pleadings. The standard applied on a Rule 12(c) motion is largely the same as that applied on Rule 12(b)(6) motions: i.e., judgment on the pleadings is appropriate when, even if all material facts in the pleading under attack are true, the moving party is entitled to judgment as a matter of law. *Fleming v. Pickard* (9th Cir. 2009) 581 F3d 922, 925. Like a Rule 12(b)(6) motion, most courts have held that, to survive a Rule 12(c) motion, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. *Chavez v. U.S.* (9th Cir. 2012) 683 F3d 1102, 1108–1109. Additionally, material facts alleged in the complaint are assumed to be true, and all inferences reasonably drawn from these facts must be construed in favor of the responding party. *Fleming v. Pickard*, supra, 581 F3d at 925; *Voest-Alpine Trading USA Corp. v. Bank of China* (5th Cir. 1998) 142 F3d 887, 891; *R.J. Corman Derailment Services, LLC v. Int'l Union of Operating Engineers, Local Union 150, AFL–CIO* (7th Cir. 2003) 335 F3d 643, 647.

### II.   ALL OF PLAINTIFF'S CAUSES OF ACTION FAIL.

#### A.   Plaintiff Fails To Join Necessary Parties.

Plaintiff executed the Loan and DOT along with Denise Thomas ("Co-Borrower"), as a joint tenant  (RJN, Exh. "1"), but has not joined her as a plaintiff or party.  As a result, the Court cannot grant complete relief in Co-Borrower's absence because she is jointly liable under the Loan.  That is, whatever the Court's final disposition of this matter, it will likely affect the Co-Borrower to the same extent as it affects Plaintiff. Defendants cannot obtain any counter-relief in this case and could face multiple and conflicting rulings if the Co-Borrower comes to Court asserting her claims, if any, at a

later date.  Additionally, Plaintiff fails to include the present owner of the Property, Next Generation Capital, LLC, which purchased the Property after the foreclosure sale (RJN Exh. "16").  This Court faces the unappealing prospect of having to adjudicate this same matter multiple times.  For that reason alone, this case should not proceed without the Co-Borrower and present owner, and the Court should dismiss for failure to join indispensable parties.

### B. There Is No  Right Of Action To Challenge Standing To  Foreclose.

All of Plaintiff's causes of action fail because they are premised on the speculative assertion that Defendant DBNTC lacked authority to foreclose.  Implied in this allegation is Plaintiff's belief that the Assignments of DOT are defective, and therefore, the SOT signed by DBNTC in favor of Quality, as well as the NOD, Notice of Sale, and Trustee's Deed Upon Sale, are all defective.  These allegations are simply not supported by the governing law, or the facts.  California law does not permit a defaulted borrower to challenge the standing of the foreclosing entities to foreclose.  Quite simply, California courts have consistently refused to allow trustor-debtors to pursue judicial actions to challenge the right, power, and authority of a foreclosing "beneficiary" or beneficiary's "agent" to initiate and pursue foreclosure.  *Jenkins v. JP Morgan Chase Bank, N.A.*, (2013) 216 Cal.App.4th 497, 511-512 (citing *Debrunner v. Deutsche Bank National Trust Co.* (2012) 204 Cal.App.4th 433, 440–442); *Keshtgar v. U.S. Bank, N.A. as Trustee*, 226 Cal.App.4th 1201, 1206-07 (2014) (distinguishing *Glaski v. Bank of America, N.A.*, 218 Cal.App.4th 1079, "California cases hold, however, that even in post-foreclosure actions a borrower lacks standing to challenge an assignment absent a showing of prejudice …[and] there is no preforeclosure cause of action to challenge the authority of the person initiating foreclosure.").  As a result, Plaintiff's action is nothing more than a last ditch effort to save the Property.

In the seminal case of *Gomes v. Countrywide Home Loans, Inc.*, (2011) 192 Cal.App.4th 1149, the state appellate court determined that no cause of action exists under California law within which a borrower can speculatively challenge a foreclosing

NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS

party's authority to foreclose. The *Gomes* court stated "nowhere does [Civil Code Section 2924, et seq.] provide for a judicial action to determine whether the person initiating the foreclosure process is indeed authorized, and we see no ground for implying such an action." *Gomes*, 192 Cal. App. 4th at 1155. Also, "[t]he recognition of the right to bring a lawsuit to determine a nominee's authorization to proceed with foreclosure on behalf of the noteholder would fundamentally undermine the nonjudicial nature of the process and introduce…lawsuits filed solely for the purpose of delay[]." *Id*. To bring such an action, a plaintiff must allege a "factual basis" for the claim and must go further than a mere "speculative suit." *Id*. at 1156.

Such an action is "preemptive" if the plaintiff alleges no "specific factual x" for the claim that the foreclosure was not initiated by the correct person. *Jenkins, supra,* at p. 512. A preemptive suit does not seek a remedy for specified misconduct in the nonjudicial foreclosure process. Instead, a preemptive suit seeks to create an additional requirement for the foreclosing party, apart from the comprehensive statutory requirements, by requiring the foreclosing party to demonstrate in court that it was authorized to initiate a foreclosure, which is impermissible. *Siliga v. Mortgage Electronic Registration Systems, Inc.*, (2013) 219 Cal.App.4th 75, 82-83. "[A]llowing a trustor-debtor to pursue such an action, absent a '*specific factual basis* for alleging that the foreclosure was not initiated by the correct party' would unnecessarily 'interject the courts into [the] comprehensive nonjudicial scheme' created by the Legislature, and 'would be inconsistent with the policy behind nonjudicial foreclosure of providing a quick, inexpensive and efficient remedy. [Citation].'" *Jenkins* at 512 (italics in original).

Here, Plaintiff cannot allege any specific facts indicating that any party was not acting pursuant to its own interest in the Loan, or as the agent of another party. The Complaint offers nothing but pure speculation and conclusory allegations. Plaintiff is improperly demanding a judicial review standard on California's non-judicial foreclosure process. Such an action is not permitted under California law. *Gomes*, at

NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS

1    1154; *Robinson v. Countrywide Home Loans, Inc.*, (2011) 199 Cal.App.4th 42, 45-46;

2    *Fontenot v. Wells Fargo Bank, N.A.*, (2011) 198 Cal.App.4th 256, 268.

3    **C. Securitization Of The Loan Has No Effect On Defendants' Authority To**

4    **Foreclose.**

5        The argument that parties lose their interest in a loan when it is assigned to a trust

6    pool has been rejected by numerous courts. *See, Wadhwa v. Aurora Loan Servs., LLC*

7    (E.D. Cal., 2011) 2011 WL 2681483, at *4 (suggestion that "assignment of the note to a

8    [REMIC] renders any interest in the property other than plaintiffs' somehow invalid" has

9    been "rejected by numerous courts"); *Hafiz v. Greenpoint Mortgage Funding, Inc.* (N.D.

10   Cal., 2009) 652 F. Supp. 2d 1039, 1043 (argument that "all defendants lost their power

11   of sale pursuant to the deed of trust when the original promissory note was assigned to a

12   trust pool" is "both unsupported and incorrect"). Therefore, if Plaintiff claims that the

13   foreclosure notices should be cancelled because DBNTC lacked an interest in the loan

14   because it was securitized, or improperly securitized, then such a claim fails at law.

15       Plaintiff also lacks standing to challenge the securitization or any assignment of

16   his Loan. *See, Jenkins*, 216 Cal. App. 4th at 514-15; *Armeni v. America's Wholesale*

17   *Lender* (C.D. Cal., 2012) 2012 WL 253967, *2; *Junger v. Bank of Am.*, (C.D. Cal.,

18   2012) 2012 WL 603262, at *3; *Keshtgar v. U.S. Bank, N.A. as Trustee*, 226 Cal.App.4th

19   at 1207 ("*Gomes* holds that there is no judicial actin to challenge the authority of the

20   person initiating the foreclosure process [citation]. As *Jenkins* shows, that applies

21   whether the challenge is to the lender's nominee, or as here, a transferee"). This is

22   because Plaintiff is <u>not</u> a party to, nor a third party beneficiary of, any assignment or

23   securitization agreement. *See, Jenkins,* at 515. The party with standing to challenge an

24   assignment is the assignor. *Fontenot v. Wells Fargo Bank, N.A.*, (2011) 198 Cal.

25   App.4th 265, 272.

26       To the extent Plaintiff alleges Defendant did not comply with the terms of the

27   Pooling and Servicing Agreement ("PSA") itself, it is settled law that Plaintiff does not

28   have standing to do so because he is neither a party to, nor a third party beneficiary of

NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS

the PSA. *Arabia v. BAC Home Loans Servicing, L.P.*, (2012) 208 Cal.App.4th 462, 473; *Deernick v. Heritage Plaza Mortg., Inc.*, 2012 WL 1085520 at *5 (E.D. Cal March 30, 2012). ("Plaintiffs were not investors of the [trust], nor are they third-party beneficiaries of the PSA."); *Jenkins*, supra, at 514-15 ("[E]ven if any subsequent transfers of the promissory note were invalid, [the borrower] is not the victim of such invalid transfers because her obligations under the note remained unchanged."); *Reyes v. GMAC Mortgage LLC* (2011 D.Nev., Apr. 5, 2011, No. 2:11-CV-100 JRM (RJJ)) 2011 U.S. Dist. Lexis 40953 at p. *6-7 ("[T]he securitization of a loan does not in fact alter or affect the legal beneficiary's standing to enforce the deed of trust." Securitization " 'merely creates a "separate contract, distinct from [p]laintiffs['] debt obligations" ' under the note and does not change the relationship of the parties in any way . . . .").

In addition, because a promissory note is a negotiable instrument, a borrower must anticipate it can and might be transferred to another creditor. *Fontenot*, 198 Cal. App.4th at 272. As to Plaintiff, the recorded assignments merely substituted one beneficiary for another, without changing Plaintiff's obligations under the Loan, and the assignments merely demonstrate the beneficiary's right to foreclose. (RJN, Exhs. "2," "13").

Plaintiff does not dispute that he defaulted on his Loan, and he does not allege that the transfer interfered in any manner with his payment thereon. Thus, because DBNTC's predecessor was assigned the beneficiary's interest under the DOT on April 8, 2008, DBNTC had authority to execute the SOT on April 14, 2008, substituting in Quality. Therefore, the SOT is valid.

Furthermore, the NOD is valid because it was executed by Quality "as agent for the beneficiary," which at the time was DBNTC. Section 2924 of the Civil Code provides that the foreclosure process can by initiated by "[t]he trustee, mortgagee, or beneficiary, or any of their authorized agents...." Civ. Code, § 2924 (a)(1). As established above, DBNTC was the beneficiary at the time the NOD was recorded, and Plaintiff has alleged no facts to maintain a claim that argues otherwise. Therefore,

NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS

where Quality executed the document as DBNTC's agent, it had statutory authority to do so. Accordingly, the NOD, Notices of Sale, and Trustee's Deed Upon Sale are all valid as well.

Finally, Plaintiff's claims must fail because he has not alleged he "suffered prejudice as a result of any lack of authority of the parties participating in the foreclosure process." *Siliga v. Mortg. Elec. Registration Sys., Inc.*, (2013) 219 Cal.App.4th 75, 85. Plaintiff "[does] not dispute that he is in default under the note." *Id.* "The assignment of the deed of trust and the note did not change [Plaintiff's] obligations under the note," and *even if* Plaintiff can allege that the appropriate entity did not initiate the foreclosure, "there is no reason to believe that [the proper entity] would have refrained from foreclosure in these circumstances." *Id.*; *see also Turner v. Bank of Am. Home Loans*, 2013 WL 5498091, at *1 (9th Cir. Oct. 4, 2013) ("The district court properly dismissed [plaintiffs'] wrongful foreclosure and quiet title claims because [they] failed to allege facts showing that they were not in default when defendants initiated non-judicial foreclosure proceedings.").

Here, Plaintiff does not, and cannot allege that he was prejudiced by any conduct of Defendants. He lived in the Property rent-free and without payment since his default in January, 2008, *almost seven years*, all while using the court system in a bad faith effort to vex and harass any party interested in foreclosing on the Property. In this regard, Plaintiff was unjustly enriched, rather than prejudiced.

**D. Plaintiff Failed To Tender.**

A valid and viable tender is a necessary prerequisite to any attempt to challenge a foreclosure sale. A party seeking to challenge a foreclosure sale appears in equity, and is thus required to do equity before a court will exercise its equitable powers. *Arnolds Mgmt. Corp. v. Eischen,* (1984) 158 Cal. App. 3d 575, 578-579. Without facts supporting an offer to tender, a complaint challenging a foreclosure does not state a cause of action. *Karlsen v. Gibralter Sav. & Loan Assn.*, (1974) 15 Cal.App.3d 112, 117. Since the origination of the tender requirement, courts have expanded its application beyond the

equitable causes of action to include any claim that is "implicitly integrated" with the allegations of an irregular sale. *Arnolds*, *supra,* 158 Cal.App.3d at 579. Plaintiff's lawsuit presents a direct challenge to any foreclosure process. Thus, as a matter of law, Plaintiff is required to allege that he tendered the outstanding amount due to Defendants. Plaintiff's Complaint makes no such allegation, thus it is barred.

### E. **Plaintiff Failed To Disclose Any Cause Of Action In His Bankruptcy Case And Is Barred By Collateral Estoppel.**

Although Plaintiff filed numerous bankruptcies between 2008 and 2013, [1] and Plaintiff's Counsel represented Plaintiff in at least two of the most recent bankruptcy cases, Plaintiff's Schedules do not state any claim for a cause of action on the loan. *Hamilton v. Greenwhich Investors XXVI, LLC* established a bright-line rule prohibiting debtors from filing post-bankruptcy claims that were not disclosed in the bankruptcy. 195 Cal.App.4th 1602, 1607 (2011).

Additionally, bankruptcy schedules are considered a judicial admission against the Plaintiff: "Judicial admissions are generally binding upon the party who made them." *American Insurance Company v. Lacelaw Corp.*, 861 F.2d 224, 226 (9th Cir. 1988).

"Judicial estoppel, or the doctrine of preclusion of inconsistent positions, precludes a party from gaining an advantage by taking one position, and then seeking a second advantage by taking an incompatible position." *Risetto v. Plumbers and Steamfitters Local 343*, 94 F.3d 597, 600 (9th Cir. 1996). "Judicial estoppel is intended to protect the integrity of the judicial process." *Yanez v. United States*, 989 F.2d 323, 326 (9th Cir. 1993).

---

[1] Plaintiff has filed numerous bankruptcy cases in the Eastern District of California: 08-27541 (Chapter 13) filed 6/6/2008 and closed 6/18/2009; 08-27542 (Chapter 13) filed 6/6/2008 and closed 7/31/2008, no Schedules were filed; 08-36878 (Chapter 7) filed 11/18/2008 and closed 6/4/2009; 08-36879 (Chapter 7) filed on 11/18/2008 and closed 6/4/2009, no Schedules were filed; 10-49008 (Chapter 7) filed 11/1/2010 and closed 12/8/2010, only Schedule A was filed; 13-21625 (Chapter 13) filed 2/7/2013 and closed 4/10/2013, no Schedules were filed; 13-24512 (Chapter 13) filed 4/2/2013 and closed 11/4/2013; 13-30963 (Chapter 7) filed 8/20/2013 and closed 12/9/2013.

NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS

The admissions and statements, and more importantly the *omission* of disputes or claims made by Plaintiff in his schedules in every single one of Plaintiff's multiple bankruptcies, the relevant portions of which are attached hereto as RJN Exh. 17, now precludes Plaintiff's argument that the debt and/or the ability of Defendants to enforce the debt can be disputed. Specifically, Schedule B, signed under penalty of perjury, is silent as to any potential or realized cause of action related to the mortgage or lien.  Plaintiff was required to disclose any potential action to the Chapter 7 Trustee because it was an asset of the bankruptcy estate; Trustees rely on these disclosures in administration of assets.

Moreover, Plaintiff did not check the "Disputed" box on Schedule D when referencing the prior servicer of this loan and his Statement of Intention states Plaintiff intended to "retain collateral and continue to make regular payments" on the same Note and Deed of Trust at issue here.

## III. THE FIRST CAUSE OF ACTION FOR SLANDER OF TITLE FAILS TO MEET THE NECESSARY ELEMENTS.

To successfully state a cause of action for slander of title, Plaintiff must establish six (6) requisite elements:

> "1. There must have been a direct or indirect disparagement of the owner's title.
> 2. The disparaging statement must have been published.
> 3. The matter published must be untrue.
> 4. When the statement was published it must not have been privileged and without justification.
> 5. The statement must have been made with malice.
> 6. Such published matter must be the proximate cause of pecuniary loss or damage to the owner of interest."

5 Miller & Starr Cal. Real Estate §11:40 (3d ed. 2000), citations omitted.

### A. Plaintiff Has No Standing To Sue For Slander Of Title.

Only a party with an interest in the real property has standing to bring an action for slander of title.  "'An action for slander of title is maintainable only by one who possess[es] an estate or interest in the property.' " *Truck Ins. Exchange v. Bennett* (1997)

NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS

1   53 Cal.App.4th 75, 84, fn. 3, 61 Cal.Rptr.2d 497, quoting Slander of Title: Sufficiency of

2   Plaintiff's Interest in Real Property to Maintain Action (1991) 86 A.L.R.4th 738, 742, § 2.

3   On December 30, 2010, a Quitclaim Deed from Plaintiff Snell was recorded, conveying

4   his interest in the Property to a Curtis Van Nixon, as Trustee of the 915221944 Trust

5   under Trust Agreement Dated November 16, 2010. (RJN Exh. "12").   Additionally, on

6   April 25, 2012, a Grant Deed was recorded, purporting to convey the Property from

7   Plaintiff to The Amos G. Snell Revocable Trust, Amon G. Snell, Denise Thomas, Seda

8   Natan and Vhenik Vardumyan as Co-Trustees. (RJN Exh. "14").[2] Since Plaintiff long ago

9   conveyed his interest in the Property, he is no longer the owner, cannot meet the first

10  element set forth above, and has no standing to prosecute slander of title.

11          **B.   Defendants Are Protected By Privilege.**

12          Defendants defeat Plaintiff's cause of action for slander of title with respect to the

13  foreclosure documents as they are protected by the absolute privilege under *Civil Code*

14  §47(b).  Section 47 states in part as follows:

15          "A privileged publication or broadcast is one made: . . .

16           (b) In any (1) legislative proceeding, (2) judicial proceeding, (3) in any other
            official proceeding authorized by law, or (4) in the initiation or course of any
17          other proceeding authorized by law and reviewable pursuant to Chapter 2
            (commencing with Section 1084) of Title 1 of Part 3 of the Code of Civil
18          Procedure..."
19

20  The legislature has expressly found that the trustee's acts in connection with foreclosure

21  proceedings fall within the protections of §47(b).  *Civil Code* §2924(d) provides in part

22  that:   "The mailing, publication, and delivery of notices as required herein, and the

23  performance of the procedures set forth in this article, shall constitute privileged

24  communications within Section 47."    Therefore, the subject Notice of Default,

25  Substitution of Trustee, Notices of Sale and Trustee's Deed fall within the protections of

26  §47b, and the claim fails as to those documents.

27  ───────────────

28  [2] Co-Borrower did not execute the Quitclaim Deed or Grant Deed, and therefore did not convey
    her interest.

NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS

1   Additionally, Defendants are protected by the qualified privilege as a rival claimant
2   to the Property.  *Gudger v. Manton* (1943) 21 Cal. 2d 537, 541-543, 134 P.2d 217
3   (overruled in part on other grounds by *Albertson v. Raboff* (1956)46 Cal. 2d 375, 295 P.2d
4   405; *Hill v. Allan*, 259 Cal. App. 2d 470, 490, 66 Cal. Rptr. 676 (1st Dist. 1968); *Spencer*
5   *v. Harmon Enterprises, Inc.*, 234 Cal. App. 2d 614, 622-625, 44 Cal. Rptr. 683 (4th Dist.
6   1965).  The Assignments of Deed of Trust were recorded in connection with the DOT, and
7   create no new interest that could have harmed Plaintiff.

8   **C.   Plaintiff Cannot Establish Any Malice On The Part Of Defendants.**

9   Plaintiff has not set forth sufficient allegations to support that these Defendants
10  acted with the requisite actual malice.  California adheres to a strict standard of liability in
11  slander of title actions and follows the Restatement on Torts which defines slander of title
12  as an intentional tort.  5 Miller & Starr Cal. Real Estate 3d §11:46, p 119-20, citing
13  Rest.2d Torts, §624; *Seeley v. Seymour* (1987) 190 Cal. App. 3d 844, 857, 237 Cal. Rptr.
14  282; *Howard v. Schaniel* (1980) 113 Cal. App. 3d 256, 263-64, 169 Cal. Rptr. 678; *Appel*
15  *v. Burman* (1984) 159 Cal. App. 3d 1209, 1214, 206 Cal. Rptr. 259; *Chrysler Credit Corp.*
16  *v. Ostly* (1974) 42 Cal. App. 3d 633, 674, 117 Cal. Rptr. 167.   Slander of title requires
17  that there be more than mere negligence by Defendant 'regarding the falsity of the
18  statement,' and Plaintiffs' burden of proof is 'the same test as that for scienter in the tort
19  of deceit,' requiring that Defendant 'know that the statement is false or acts in reckless
20  disregard of its truth or falsity.'  5 Miller & Starr Cal. Real Estate 3d §11:46, p 120, citing
21  Rest.2d Torts, §624, cmt a, sec 3, §623A, cmt d, para 1, 2.   Without intentional or
22  malicious conduct, California courts have refused to find the defendant liable for slander
23  of title.  5 Miller & Starr Cal. Real Estate 3d §11:46, p 120-121, string citations omitted.

24  Plaintiff has not alleged nor can he prove actual malice by these Defendants.  The
25  Complaint merely asserts general and conclusory allegations.  Accordingly, Plaintiffs fail
26  to establish the requisite malice, which defeats the cause of action for slander of title.

27
28

-12-

**IV. THE THIRD AND FOURTH CAUSES OF ACTION FOR BREACH OF CONTRACT AND BREACH OF IMPLIED AGREEMENT FAIL.**

"A [claim] for damages for breach of contract is comprised of the following elements: (1) the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) the resulting damages to plaintiff." *Durell v. Sharp Healthcare*, (2010) 183 Cal. App. 4th 1350, 1367 (citations omitted). Additionally, the facts constituting the defendant's breach should be stated with certainty. *Levy v. State Farm Mut. Auto Ins. Co.*, (2007) 150 Cal.App. 4th 1, 5. Yet, "one party to a contract cannot compel another to perform while he himself is in default." *Id.* Plaintiff does not deny the default under the Loan. Additionally, the basis for Plaintiff's breach of contract claim is premised on his claim that the foreclosing parties were not the "*true* Lender, agent for the Lender or Trustee," (Complaint ¶54). However, as set forth above, this type of standing argument has no merit and is not permitted. *See supra,* Part II. Moreover, Plaintiff cannot allege damages on these grounds, thereby making it impossible to satisfy the elements for breach of contract.

Plaintiff also asserts a breach of the Pooling and Servicing Agreement (Complaint ¶58), but as also set forth above, since Plaintiff is not a party to the Pooling and Servicing Agreement, he has no standing to make this claim, and courts have rejected this argument. *See supra,* Part II. Finally, Plaintiff's boilerplate pleading, and its corresponding lack of merit, is evident under this cause of action since he refers to a defendant, "National Default," Complaint ¶54, which is not a party to this suit.

Additionally, with respect to the alleged implied agreement in particular, Plaintiff's allegations cannot possibly support a valid claim. This cause of action is also premised on the allegation that Defendants lacked the standing and authority to foreclose, and violation the Pooling and Servicing Agreement. In paragraphs 68-70, Plaintiff does nothing more than restate the deficient breach of contract cause of action of the third cause of action. For the reasons already stated above, there is no merit to these allegations and the cause of action fails.

1  | **V.**   **THE FIFTH CAUSE OF ACTION FOR VIOLATION OF *BUSINESS &***
2  | ***PROFESSIONS CODE* §17200 FAILS.**

3  Plaintiff attempts to advance the same bogus theories in an effort to state a §17200

4  claim.  In order to allege a violation of the *Cal. Bus. & Prof. Code* §17200, a plaintiff

5  must state with <u>reasonable particularity</u> the facts supporting the statutory elements of the

6  violation.  *Khoury v. Maly's of California,* 14 Cal. App. 4th 612, 619, (1993).  In addition,

7  to have standing to allege a claim for violation of section 17200, a plaintiff must allege

8  that he suffered an injury-in-fact as a result of the unfair competition.  *Bus. & Prof. Code*

9  § 17204; *Durrell v. Sharp Healthcare*, (2010) 183 Cal.App.4th 1350, 1359.  Further, an

10  "unfair practices claim under section 17200 <u>cannot be predicated on vicarious liability</u>."

11  *Emery v. Visa International Service Association*, (2002) 95 Cal.App.4th 952, 960.

12  Here, Plaintiff's causes of action fail because he does not allege facts demonstrating

13  any conduct by Defendants that could be classified as an unlawful, fraudulent, or unfair

14  business act or practice with any degree of <u>reasonable particularity</u>.  Rather, in a purely

15  speculative and vague fashion, Plaintiff claims Defendants are liable for recording the

16  Assignments of Deed of Trust, Substitution of Trustee, Notices of Sale and Trustee's

17  Deed Upon Sale. (Complaint ¶¶ 77, 78).  Plaintiff provides no particular facts, does not

18  allege how it is an unfair business practice to record an Assignment of the DOT after the

19  "trust pool closes," or anything that would allow him proper standing.  *See, supra,* Part II.

20  Additionally, as set forth below, Plaintiff has not alleged a valid TILA claim either.  As

21  such, there is no violation of a statute or governing law to constitute a violation of §17200.

22  | **VI.**   **THE SIXTH CAUSE OF ACTION FOR TILA VIOLATIONS FAILS.**

23  | **A. <u>Plaintiff's TILA Claims Are Time Barred</u>.**

24  Any claim for damages under TILA that Plaintiff may have is barred by the statute

25  of limitations and cannot be enforced against Defendants.   *See, Luce v. United States*

26  (1984) 469 U.S. 38, 40.  A claim for Truth in Lending Act ("TILA") damages must be

27  brought "within one year from the date of the occurrence of the violation."  15 U.S.C.

28  §1640(e).  Here, Plaintiff alleges the loan was made on June 14, 2005 (Complaint ¶10 and

-14-

1  DOT, RJN Exh. "1"), which is well beyond the one year statute of limitations for
2  commencing an action.   Additionally, the statute of limitations for a rescission claim
3  under TILA expires three years from the consummation of the transaction. 15 U.S.C.
4  §1635(f).  Since the transaction occurred in June 2005, the period of limitations clearly
5  has expired, and Plaintiff's claim fails as a matter of law.

6  **B. Plaintiff Is Not Entitled To Toll The Statute Of Limitations.**

7  "[A]s a general rule the limitations period starts at the consummation of the
8  transaction." *King v. California,* 784 F.2d 910, 915 (9th Cir.1986).   Although "the
9  doctrine of equitable tolling *may*, in the appropriate circumstances, suspend the
10 limitations period until the borrower discovers or had reasonable opportunity to discover
11 the fraud or nondisclosures that form the basis of the TILA action" (*id.*),   "'**[e]quitable
12 tolling does not apply to rescission under this provision of TILA**, because '§ 1635(f)
13 completely extinguishes the right of rescission at the end of the 3–year period,' even if
14 the lender has never made the required disclosures.'" *Walker v. Equity 1 Lenders Grp.,*
15 2009 WL 1364430 at *6 (S.D. Cal. May 14, 2009) (citing *Taylor v. Money Store,* 42 Fed.
16 Appx. 932 (9th Cir.2002) (quoting *Beach v. Ocwen Fed. Bank,* 523 U.S. 410, 412
17 (1998))).   Consequently, as a matter of law, Plaintiff is not entitled to toll the statute of
18 limitations for his TILA rescission claim.

19 Further, to the extent that Plaintiff will seek to apply the doctrine of equitable
20 tolling to TILA damages, the doctrine "focuses on whether there was excusable delay by
21 the plaintiff." *Santa Maria v. Pacific Bell,* 202 F.3d 1170, 1178 (9th Cir., 2000). "Courts
22 are reluctant to invoke equitable tolling." *Ayon v. JPMorgan Chase Bank, N.A.,* 2012
23 WL 1189455 at *8 (E.D.Cal., April 9, 2012) (emphasis added).   "[R]elief from strict
24 construction of a statute of limitations is readily available in extreme cases.... The
25 equitable tolling doctrine has been applied by the Supreme Court in certain
26 circumstances, but it has been applied sparingly... Courts have been generally
27 unforgiving... when a late filing is due to claimant's failure 'to exercise due diligence in
28 preserving his legal rights.'" *Scholar v. Pac. Bell,* 963 F.2d 264, 267–268 (9th Cir.1992)

NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS

(citations omitted) (emphasis added).  Accordingly, equitable tolling "may be applied if, despite all due diligence, a plaintiff is unable to obtain vital information bearing on the existence of his claim. (Citation)," and only "[i]f a reasonable plaintiff would not have known of the existence of a possible claim within the limitations period…." *Santa Maria v. Pacific Bell,* 202 F.3d 1170, 1178 (9thCir., 2000).  Equitable tolling is not appropriate if "nothing prevented [plaintiff] from comparing the loan contract, [the] initial disclosures, and TILA's statutory and regulatory requirements." *Hubbard v. Fidelity Federal Bank,* 91 F.3d 75, 70 (9th Cir.1996) (citing *King v. State of Cal.,* 784 F.2d 910, 915 (9th Cir.1986)).

A litigant seeking equitable tolling of a limitations period bears the burden of establishing entitlement to equitable tolling.  *McLaren v. ReconsTrust Company, N.A.,* 2012 WL 684747 at *4 (S.D.Cal., March 1, 2012). Thus, in order to invoke the doctrine of equitable tolling, a plaintiff must demonstrate (1) that defendant actively concealed information that would allow plaintiff to discover his or her claim or (2) "his due diligence until discovery of the operative facts that are the basis of his cause of action." *Ohlendorf v. American Brokers Conduit,* 2012 WL 718682 at *7 (E.D.Cal., March 5, 2012) (internal citations omitted); see also, *Justo v. Charter Capital Corp.,* 2012 WL 359738 at *5 (N.D.Cal., Feb. 2, 2012).

Plaintiff has not alleged any facts that would support the tolling of the statute of limitations.  Based on Plaintiff's allegations, his TILA claims stem from the alleged non-receipt of the loan origination documents at the time of the loan origination.  As a result, Plaintiff cannot present any evidence that entitle him to equitably toll the statute of limitations for TILA damages because he was necessarily aware that they did not receive such documents at the time of the loan origination.

## C. **Defendants Are Not Liable For Any TILA Violations.**

As a general matter, "[a]ny person who purchases or is otherwise assigned a mortgage... shall be subject to all claims and defenses with respect to that mortgage that the consumer could assert against the creditor of the mortgage...." 15 U.S.C. §1641(d)(1).

A debtor's right to pursue a TILA claim against an assignee is limited, however, by a "prerequisite[ ]," which states that:

> [e]xcept as otherwise specifically provided in this subchapter, any civil action for a violation of this subchapter ... which may be brought against a creditor may be maintained against any assignee of such creditor only if the violation for which such action or proceeding is brought is apparent <u>on the face of the disclosure statement</u>, except where the assignment was involuntary.  15 U.S.C. § 1641(a). (Emphasis added).

This provision has been interpreted by the courts as meaning that a TILA claim may be asserted against an assignee only for "violations that a reasonable person can spot on the face of the disclosure statement or other assigned documents." *Taylor v. Quality Hyundai, Inc.,* 150 F.3d 689, 694 (7th Cir.1998).  Here, the purported violations are not ones which appear on the face of the documents.  Instead, Plaintiff argues that he did not receive the loan origination documents, which could not be ascertained from the face of the documents.   Therefore, any liability for TILA violations cannot be imputed to Defendants under the doctrine of assignee liability.

### D. <u>Plaintiff Has Not Alleged Tender Of The Loan Proceeds.</u>

Plaintiff's claim for rescission also fails since he has shown no ability to tender. Before ordering rescission of a mortgage loan based upon mortgagee's alleged TILA violations, the Ninth Circuit has recognized that courts may require mortgagors to provide proof of their ability to repay loan proceeds, less interest and finance charges, if rescission of the loan were granted. 15 U.S.C. § 1635. *Yamamoto v. Bank of New York*, 329 F.3d 1167, 1171 (9th 2003), certiorari denied 124 S.Ct. 1146, 540 U.S. 1149, 157 L.Ed.2d 1042.

Plaintiff fails to recognize that even if the Loan were rescinded, he would have to re-pay everything received under the Loan for his benefit. Plaintiff admits in the Complaint that he obtained the Loan (Complaint ¶10, RJN Exhibit "1"), but Plaintiff makes no allegation that he is able to repay any of the money received. As a matter of equity, Plaintiff cannot rescind and cancel an agreement(s) under which he is unable to restore the value received.

1

### E.  **The Property Has Already Been Sold.**

2  Finally, Plaintiff's TILA claim fails as a matter of law since the Property has

3  already been sold at a foreclosure sale.  As this District has recognized, the property's sale

4  at a foreclosure terminations any right of rescission under TILA pursuant to 15 U.S.C.

5  §1635(f).   *See Nool v. HomeQ Servicing,* E.D.Cal.2009, 653 F.Supp.2d 1047.   The

6  Trustee's Deed Upon Sale was recorded October 24, 2012, and in fact, the Property was

7  re-sold to Next Generation Capital, LLC on or about April 11, 2013, thereby precluding

8  any rescission (RJN Exh. "15" and "16").

9  ## VII.  **THE SEVENTH CAUSE OF ACTION FOR VIOLATION OF THE FDCPA**

10  **FAILS.**

11  To be liable for a violation of the Fair Debt Collection Practices Act ("FDCPA"),

12  the defendant must-as a threshold requirement-be a "debt collector" within the meaning of

13  the Acts.  *Heintz v. Jenkins*, 514 U.S. 291, 294, 115 S.Ct. 1489, 131 L.Ed.2d 395 (1995);

14  Cal. Civ.Code § 1788.2(c). Under the FDCPA, the definition of debt collector "does not

15  include the consumer's creditors, a mortgage servicing company, or any assignee of the

16  debt, so long as the debt was not in default at the time it was assigned." *Nool v. HomeQ*

17  *Servicing,* 2009 WL 2905745, 4 (E.D.Cal.) (E.D.Cal.,2009) quoting *Perry v. Stewart Title*

18  *Co.,* 756 F.2d 1197, 1208 (5th Cir.1985). Nothing in the complaint suggests that these

19  Defendants are "debt collectors" within the meaning of the statute.  Therefore, the FDCPA

20  is not triggered by Plaintiff's allegations.

21  Additionally, the Ninth Circuit has specifically held that foreclosing on a deed of

22  trust is distinct from the obligation to pay money, and is therefore not covered by the

23  FDCPA. *Hulse v. Ocwen Fed. Bank* (2002) 195 F. Supp. 2d 1188, 1204. The United

24  States District Court in San Diego dismissed this same form of complaint. Specifically,

25  that Court held that the "activity of foreclosing on [a] property pursuant to a deed of trust

26  is not the collection of a debt within the meaning of the" FDCPA. *Hulse v. Ocwen Fed.*

27  *Bank, FSB*, 195 F.Supp.2d 1188, 1204 (D.Or.2002) (holding that the plaintiff improperly

28  brought a claim challenging the lawfulness of foreclosure proceedings pursuant to a deed

NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS

of trust under the FDCPA). *See Ines v. Countrywide Home Loans, Inc.*, 2008 WL 2795875 (S.D. Cal.); and *Izenberg v. ETS Services, LLC*, 589 F.Supp.2d 1193, 1199 (C.D.Cal.2008). This action challenges the lawfulness of foreclosure proceedings on the Property pursuant to the DOT, which is not the collection of a debt within the meaning of the FDCPA.   Plaintiff makes nothing more than conclusory allegations that Defendants "have acted as a debt collector" (Complaint ¶96). Accordingly, the FDCPA claim fails here because these Defendants are not debt collectors as defined by the Act. Moreover, Plaintiff fails to show any harm as a result of any alleged violations of the FDCPA.

## VIII.  PLAINTIFF'S EIGHTH CAUSE OF ACTION FOR RICO VIOLATIONS FAILS.

### A.   The Conduct Alleged Is Not Within The Scope Of The RICO Statute.

Congress enacted the Racketeer Influenced and Corrupt Organizations Act ("RICO") with the specific intent to "thwart the organized criminal invasion and acquisition of legitimate business enterprises and property." *Oscar v. University Students Co-Operative Assn.*, 965 F.2d 783, 786 (9th cir.), *cert. denied*, 506 U.S. 1020 (1992). The Ninth Circuit has stated that RICO was "intended to combat organized crime, not to provide a federal cause of action and treble damages to every tort plaintiff." *Id.* at 786 (claim of diminution in value of enjoyment of apartment due to drug trafficking).  In this regard, the federal courts in California have been clear that they will not readily permit RICO claims to survive where they fall outside the normal and intended scope of the statute.

> We do not believe Congress intended §1964…to afford a remedy to every consumer who could trace purchase of a product to a violation of § 1962.  **Such an interpretation would open the federal courts to frequent RICO treble damage claims by federalizing much consumer protection law and by inviting Plaintiff to append RICO claims for consumer fraud to nonfederal claims thereby achieving treble damage recovery and a federal forum.** Yet the legislative history contains no hint that Congress intended RICO as a remedy for private plaintiffs alleging consumer fraud.  Absent a clear statement that Congress intended such a result, we believe courts should confine § 1964… to business loss from racketeering injuries. Under this analysis, the RICO claims before us here clearly cannot survive.

NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS

[Citations omitted; emphasis added].
(As recognized by the court in *Van Schaick v. Church of Scientology*, 535 F. Supp. 1125, 1137 (D. Mass. 1982).

Hence, to state a RICO claim, the plaintiff must allege and prove an injury from racketeering activity that is separate from any injury from the underlying predicate offense. "The requirement that a plaintiff allege some sort of racketeering injury is entirely consistent with the legislative history of the statute." *Harper v. New Japan Securities International, Inc.*, 545 F. Supp. 1002, 1007 (C.D. CA. 1982) (dismissing a RICO claim where the alleged injury arose from predicate securities law violation and was not type of injury RICO statue designed to prevent.).

Plaintiff's Complaint contains absolutely no allegations of injury from racketeering activity. Plaintiff's entire Complaint is based on the alleged wrongful foreclosure of the Property. Even if Plaintiff's allegations are taken as true, Defendants' actions do not fall within the purview of RICO. For this reason alone, the Court should grant this Motion for Judgment on the Pleadings.

**B.   <u>Plaintiff Cannot Properly Plead The Elements Of Civil RICO</u>:**

To state a cause of action under RICO, Plaintiff must establish (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (5) causing injury to the Plaintiff's business or property by the conduct constituting the violation. See *Sedima v. Imrex Co., Inc.*, 473 U.S. 479, 496 (1985); *accord Gutierrez v. Givens* 1 F.Supp.2d 1077, 1085. As explained above, a court should dismiss any claim "that fails to plead sufficiently all required elements of a cause of action". *Student Loan Mktg. Ass'n*, 181 F.R.D 629, 639 (S.D. Cal. 1998).   Further, the Court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d. 752, 754-55 (9th Cir. 1994).

First, Plaintiff has failed to satisfy the requirement of conduct of an "enterprise." The RICO "enterprise" must have an identifiable structure and Plaintiff must plead that structure, describing the various defendants' roles in it. *Chang v. Chen*, 80 F.3d 1293 (9th

-20-

Cir. 1996); *Allington v. Carpenter* 619 F.Supp. 474 (C.D. CA 1985).  Plaintiff has not done so here.  Moreover, while "enterprise" is a broadly defined term under 18 U.S.C. § 1961(4), it is well-established that a plaintiff cannot allege the same person or entity as both a defendant and the RICO enterprise.  *Occupational-Urgent Care Health Systems, Inc. v. Sutro & Co.* 711 F.Supp. 1016, 1020-22, 1025-26 (E.D. CA 1989); *see also Buran Equipment Company v. Hydro Electric Constructors, Inc.* 656 F.Supp. 864, 866 (N.D.CA 1987).  Further, it should be noted that a RICO enterprise cannot be based upon the provision of routine credit services (e.g. computer processing of purchases, collection of debt) pursuant to contract.  *Jubelirer v. Mastercard Int'l, Inc.* 68 F.Supp.2d 1049, 1052-53 (W.D. WI 1999); accord *In re Mastercard Int'l, Inc.* 132 F.Supp.2d 468, 487 (E.D. LA 2001), *aff'd*, 2002 U.S. App. LEXIS 25129 (5th Cir. La. Nov. 20, 2002).

The next hurdle Plaintiff fails to meet is to properly allege that Defendants engaged in racketeering activity.  Plaintiff alleges that Defendants engaged "in a pattern of racketeering activity, specifically, 'mail or wire fraud.'" (Complaint ¶123) related to the alleged unlawful Assignments of the DOT and foreclosure activity.  However, Plaintiff fails to allege a single fact showing any wrongful conduct by Defendants.  Plaintiff does not attempt to specifically allege Defendants' alleged racketeering activity nor provide more information as to their wrongful conduct.  Without any facts in support thereof, Plaintiff cannot maintain a cause of action for RICO violations against Defendants.

Additionally, the party alleging a violation of RICO must show that there were:

> [A] series of related predicates extending over a substantial period of time.  Predicate acts extending over a few weeks or months and threatening no future criminal conduct do not satisfy the requirement: Congress was concerned in RICO with long-term criminal conduct. In the latter, the focus is on the probability that the acts will continue indefinitely into the future or are part of an ongoing entity's regular way of doing business. *Id.* at 242. See also *Comwest, Inc. v. American Operator Services, Inc.,* 765 F.Supp. 1467, 1477 (C.D. CA 1991).

It appears that the conduct complained here is, in essence, that, at *unspecified* times and places, *unspecified* conduct of Defendants violated *unspecified* sections of RICO in an

*unspecified* manner. There is no allegation as to when such conduct started, when (or if) it stopped, or that it continues to this day. This hardly amounts to a showing that the activity poses a threat of <u>continued</u> or on-going criminal activity.

Finally, as set forth in Part II., *supra,* Plaintiff has no ability to challenge the standing of Defendants, and securitization of the loan has no effect on Defendant's authority to foreclose.

In light of the foregoing, not only are Defendants' alleged activities outside the scope of RICO, but even if they were, Plaintiff fails to plead the elements of RICO in his Seventh Cause of Action.

## IX.   ALL OF PLAINTIFF'S CAUSES OF ACTION ARE TIME-BARRED.

"[A]s a general rule the limitations period starts at the consummation of the transaction." *King v. California*, 784 F.2d 910, 915 (9th Cir.1986). Here Plaintiff identifies an Assignment of Deed of Trust dated April 8, 2008, recorded May 12, 2008, as the operative document that forms the basis for all causes of action. The Assignment was recorded in public record, and was easily discoverable by Plaintiff at any time. Plaintiff was already in default on his loan in 2008.

The statute of limitations for each cause of action is as follows:

- First Cause of Action: Slander of Title, 3 years (Code Civ. Proc. § 338(g));
- Second Cause of Action: Wrongful Foreclosure, 3 years (Code Civ. Proc. § 338(b));
- Third Cause of Action: Breach of Contract (Breach of express agreements based on the Deed of Trust), four years after execution of the document (Code Civ. Proc. § 337(1));
- Fourth Cause of Action: Breach of Contract (Breach of Implied Agreements stemming from Pooling and Servicing Agreement[3]), 4 years after execution of the document (Code Civ. Proc. § 343);

---

[3] Notwithstanding the fact the contracts at issue are required to be in writing under Civ. Code § 1624(a)(3) and (6), which provide: "(a) The following contracts are invalid, unless they, or some note or memorandum thereof, are in writing and subscribed by the party to be charged or by the party's agent: (3) An agreement for the leasing for a longer period than one year, or for the sale of real property, or of an interest therein; ... (6) An agreement by a purchaser of real property to pay an indebtedness secured by a mortgage or deed of trust upon the property purchased...".

NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS

- Fifth Cause of Action: Cal. Business and Professions Code § 17200, 4 years after cause of action accrued (Cal. Business and Professions Code § 17208, *Aryeh v. Canon Business Solutions, Inc.*, 55 Cal.4th 1185, 1192-93);
- Sixth Cause of Action: Truth in Lending Act, 1 year from date of loan origination (15 U.S.C. §1640(e));
- Seventh Cause of Action: Fair Debt Collection Practices Act,[4] 1 year from date the violation occurred (15 U.S.C. 1692k(d));
- Eighth Cause of Action: Civil RICO Action, 4 years (*Agency Holding Corp. v. Malley-Duff & Associates, Inc.*, 483 U.S. 143, 156 (1987).

As a result Plaintiff cannot present a cause of action to this Court within the applicable statute of limitations, and the claims must be dismissed.

## CONCLUSION

For all the reasons set forth herein, Defendants respectfully request that their Motion be granted.

Respectfully submitted,

WRIGHT, FINLAY & ZAK, LLP

Dated:   November 4, 2014            By:   */s/ Renee M. Parker*
Renee M. Parker, Esq.
Attorneys for Defendants, OCWEN LOAN
SERVICING, LLC as attorney in fact for
DEUTSCHE BANK NATIONAL TRUST
COMPANY, AS TRUSTEE FOR GSAMP
TRUST 2005-WMC1 and MORTGAGE
ELECTRONIC REGISTRATION
SYSTEMS, INC.

---

[4] Notwithstanding the defense that "foreclosing on [a] property pursuant to a deed of trust is not the collection of a debt within the meaning of the FDCPA…". See, e.g., *Izenberg v. ETS Services, LLC*, 589 F. Supp. 2d 1193, 1199 (C.D. Cal. 2008); *Medina v. EMC Mortg. Corp.*, 2010 U.S. Dist. LEXIS 62746, 2010 WL 2573006, *3 (N.D. Cal. 2010); *Hulse v. Ocwen Fed. Bank, FSB*, 195 F. Supp. 2d 1188, 1204 (D. Or. 2002).

NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS

1

## PROOF OF SERVICE

2

I, Steven E. Bennett, declare as follows:

3

4      I am employed in the County of Orange, State of California. I am over the age of eighteen (18) and not a party to the within action. My business address is

5   4665 MacArthur Court, Suite 280, Newport Beach, California 92660. I am readily familiar with the practices of Wright, Finlay & Zak, LLP, for collection and

6   processing of correspondence for mailing with the United States Postal Service.

7   Such correspondence is deposited with the United States Postal Service the same day in the ordinary course of business.

8

9      On November 10, 2014, I served the within **NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS; MEMORANDUM OF**

10   **POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR**

11   **JUDGMENT ON THE PLEADINGS** on all interested parties in this action as follows:

12

13      Michael Yesk, Esq.

14      Megan Dailey, Esq.
        Yesk Law

15      70 Doray Drive, Suite 16

16      Pleasant Hill, CA  94523
        Phone: (925) 849-5525

17      m.yesklaw@gmail.com

18      Attorneys for Plaintiff Amos G. Snell

19

20   **[X]**   by placing [ ] the original **[X]** a true copy thereof enclosed in sealed envelope(s) addressed as follows:

21

22   **[X]**   (BY MAIL SERVICE) I placed such envelope(s) for collection to be mailed on this date following ordinary business practices.

23

24   [ ]    (BY ELECTRONIC MAIL) I caused each such document to be transmitted electronically to the parties at the e-mail address indicated. To the best my

25   knowledge, the transmission was reported as complete, and no error was reported that the electronic transmission was not completed.

26

27   [ ]    (CM/ECF Electronic Filing) I caused the above document(s) to be transmitted to the office(s) of the addressee(s) listed by electronic mail at

28   the e-mail address(es) set forth above pursuant to Fed.R.Civ.P.5(b)(2)(E).

-1-
PROOF OF SERVICE

"A Notice of Electronic Filing (NEF) is generated automatically by the ECF system upon completion of an electronic filing. The NEF, when e-mailed to the e-mail address of record in the case, shall constitute the proof of service as required by Fed.R.Civ.P.5(b)(2)(E). A copy of the NEF shall be attached to any document served in the traditional manner upon any party appearing pro se."

[ ]   (BY FACSIMILE) The facsimile machine I used, with telephone no. (949) 477-9200, complied with California Rules of Court, Rule 2003, and no error was reported by the machine.

[ ]   (BY NORCO DELIVERY SERVICE - NEXT DAY DELIVERY) I placed true and correct copies of thereof enclosed in a package designated by Norco Delivery Service with the delivery fees provided for.

[ ]   (State) I declare under penalty of perjury under the laws of the state of California that the foregoing is true and correct.

[X]   (FEDERAL) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on November 10, 2014 at Newport Beach, California.

Steven E. Bennett

PROOF OF SERVICE