**WRIGHT, FINLAY & ZAK, LLP**
Jonathan D. Fink, Esq., SBN 110615
Renee M. Parker, Esq., SBN 256851
4665 MacArthur Court, Suite 200
Newport Beach, CA  92660
Tel: (949) 610-7023; Fax: (949) 477-9200
jfink@wrightlegal.net, rmparker@wrightlegal.net

Attorney for Defendants,
OCWEN LOAN SERVICING, LLC as attorney in fact for DEUTSCHE BANK
NATIONAL TRUST COMPANY, AS TRUSTEE FOR GSAMP TRUST 2005-WMC1
and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMOS G. SNELL, | ) Case No.: 2:13-cv-02178-MCE-DAD |
| | ) |
| Plaintiff, | ) |
| | ) **RESPONSE TO PLAINTIFF'S** |
| vs. | ) **OPPOSITION TO MOTION FOR** |
| | ) **JUDGMENT ON THE PLEADINGS** |
| DEUTCHE BANK NATIONAL | ) |
| TRUST COMPANY, AS TRUSTEE | ) |
| FOR GSAMP TRUST 2005-WMC1; | ) <u>Hearing</u> |
| OCWEN LOAN SERVICING, LLC; | ) Date: December 19, 2014 |
| QUALITY LOAN SERVICE | ) Time: 10:00 a.m. |
| CORPORATION; MORTGAGE | ) Ctrm.: 27, 8th Floor |
| ELECTRONIC REGISTRATION | ) Place: 501 I Street, Sacramento, CA 95814 |
| SYSTEMS, INC.; AND DOES 1-100;) | |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF
RECORD:**

OCWEN LOAN SERVICING, LLC ("Ocwen") as attorney in fact for DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR GSAMP TRUST 2005-WMC1 ("Deutche Bank") and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ("MERS") ("Defendants" collectively), by and through its counsel, Renee M. Parker, hereby files this Response to Plaintiff's Opposition to Defendants' Motion for Judgment on the Pleadings ("Opposition").

## BASIS OF PLAINTIFF'S OBJECTION

Plaintiff's Opposition suffers from the same fundamental, and fatal, defects as his Complaint. More specifically, Plaintiff improperly continues to claim the following:

1. Plaintiff has a cause of action for wrongful foreclosure;
2. Defendants lack standing to enforce the Note and Deed of Trust;
3. Plaintiff has a cause of action for Breach of Contract and Implied Agreement;
4. Plaintiff has a cause of action for Unfair and Deceptive Business Practices;
5. Plaintiff has a cause of action under the Truth in Lending Act ("TILA");
6. Plaintiff has a cause of action under the Fair Debt Collection Practices Act ("FDCPA");
7. Plaintiff has a cause of action under the Racketeer Influenced and Corrupt Organizations Act ("RICO"); and
8. Plaintiff has "performed" all obligations required by the Note and Deed of Trust.

Plaintiff does not satisfy the elements of any of his causes of action, his Objection does not raise a viable defense, and Defendants are entitled to judgment as a matter of law.

## DEFENDANTS' RESPONSE TO PLAINTIFF'S OBJECTION

1. *GLASKI V. BANK OF AMERICA, N.A.* DOES NOT SUPPORT PLAINTIFF'S CLAIMS OF WRONGFUL FORECLOSURE, LACK OF STANDING, BREACH OF CONTRACT OR IMPLIED AGREEMENT

Plaintiff cites *Glaski v. Bank of America,* 218 Cal.App.4th 1079, 160 Cal.Rptr.3d 449 (2013) extensively to support his legal argument for "late" assignment of the loan into the Trust. First, this same Court has already rejected this very same argument in its ruling on the Motion to Dismiss filed by Quality Loan Service Corporation:

Plaintiff urges this Court to impose a literal interpretation of New York Trust Law Estates, Powers and Trusts § 7–2.4 which was relied upon in *Glaski v. Bank of America,* 218 Cal.App.4th 1079, 160 Cal.Rptr.3d 449 (2013), and find that acts in contravention of a trust are void and not merely voidable. Plaintiff further asserts that the late assignment should be considered void instead of voidable under the ultra vires doctrine imposed on borrowers. To support these contentions, Plaintiff relies heavily on *Glaski,* which recently held that a borrower has standing to challenge the assignment of a loan to a securitized trust, even if the borrower was not a party to or a beneficiary of the assignment agreement…This Court adopts the majority position that "plaintiffs lack standing to challenge noncompliance with a PSA in securitization unless they are parties to the PSA or third party beneficiaries of the PSA."

*Snell v. Deutche Bank Nat. Trust Co.*, 2014 WL 325147 (E.D.Cal., Jan. 29, 2014).

Second, no other court has followed *Glaski* since it was decided, and all have reached the conclusion that since Plaintiff was not a party to the Trust he has no standing to void an assignment;[1] the assignments at issue were between the prior holder of the Note and Deed of Trust and Deutche Bank.  However, several cases heard in the Eastern District have since followed Chief Judge Morrison's decision.  *See e.g. St. Clair v. JPMorgan Chase Bank, N.A.*, 2014 WL 4661956 (E.D.Cal. 2014) ("*Glaski* is a nonbinding state appellate decision that has been largely rejected by federal courts in the Ninth Circuit, including those in the Eastern District of California."); *Lazo v. Summit Management Co., LLC*, 2014 WL 3362289 (E.D.Cal. 2014) ("Of key importance, numerous courts disagree with and refuse to follow *Glaski*, including this Court."); *Brink v. Alternative Loan Trust 2006-39CB*, 2014 WL 1839103 (E.D.Cal. 2014) ("[T]his court

---

[1] *See, Kan v. Guild Mortgage Co.*, 230 Cal.App.4th 736, 744 (2014) (collecting cases); *Jenkins v. JP Morgan Chase Bank, N.A.,* 216 Cal.App.4th 497, 514-15 (2013) (finding that a defaulted <u>borrower</u> does not have standing to challenge any agreements relating to the securitization of his or her loan); *Newman v. Bank of New York Mellon*, 2013 WL 5603316 at *3 fn. 2 (E.D. Cal. Oct. 11, 2013); *Diunugala v. J.P. Morgan Chase Bank, N.A.,* 2013 WL 5568737 at *8 (S.D.Cal. Oct. 3, 2013); *Patel v. Mortgage Electronic Registration Systems, Inc.,* 2013 WL 4029277 (N.D.Cal. Aug. 6, 2013); *Ganesan v. GMAC Mortgage, LLC,* 2012 WL 4901440 at *4 (N.D.Cal. Oct. 15, 2012) (citing cases); *Gilbert v. Chase Home Fin., LLC,* 2013 WL 2318890 at *3 (E.D.Cal. May 28, 2013); *Boza v. U.S. Bank Nat. Ass'n*, 2013 WL 5943160 at *5 (C.D. Cal. Oct. 28, 2013); *Sanders v. Sutton Funding, LLC*, 2014 WL 2918590 (S.D.Cal 2014) ("[E]very other federal district court in California has also disavowed *Glaski*.");

RESPONSE TO OPPOSITION TO MOTION FOR JUDGMENT ON THE PLEADINGS

should continue to follow the majority rule. Application of that majority rule compels the finding that a plaintiff lacks standing to challenge the alleged noncompliance with a Trust's PSA unless the plaintiff is a party to the PSA or a third party beneficiaries of the PSA.").

Third, the Court in *Siliga* affirmed a demurrer based on a *Glaski* claim because the plaintiff could not make a showing of prejudice ("The [plaintiffs] fail to allege any facts showing that they suffered prejudice as a result of any lack of authority of the parties participating in the foreclosure process … the assignment of deed of trust and the note did not change the [plaintiffs'] obligations under the note, and there is no reason to believe that … the original lender would have refrained from foreclosure in these circumstances. Absent any prejudice, the [plaintiffs] have no standing to complain about any alleged lack of authority or defective assignment." *Siliga v. Mortgage Electronic Registration Systems, Inc.*, 219 Cal.App.4th 75, 85 (2013).  The Note is a negotiable instrument, and contrary to *Glaski*, a borrower could expect it would be transferred to another creditor; the assignment merely substituted one creditor for another without changing the obligations under the Note.  The true victim to MERS' purported lack of authority was the original lender, not the borrower. *Fontenot v. Wells Fargo Bank, N.A.*, 198 Cal.App.4th 256, 272 (2011).

*Glaski* never analyzed prejudice to the borrower.  Due to the fact Plaintiff has been in default for seven years, foreclosure is a reasonable result and Plaintiff has not suffered, and cannot show, prejudice.

Fourth, the *Glaski* Court misinterpreted a New York law that did not even apply to securitized trusts. *See Ellington Credit Fund, Ltd. v. Select Portfolio Servicing, Inc.*, 837 F. Supp. 2d 162, 180 (S.D.N.Y. 2011).

Lastly, besides being a minority decision, *Glaski* was <u>erroneously decided</u> because it failed to consider what prejudice, if any, the recording of the assignment caused to the borrower.   The purpose of an assignment is to provide notice of the assignee's interest to prospective purchasers, not to inform the deed of trust borrowers that the beneficial interest in their Loan was transferred, therefore even recording the assignments of deeds

of trust is not required to foreclose.  *See, e.g., Cal. Civ. Code* §§ 2934, 2935; Miller &

Starr 4 *Cal. Real Est.* § 10:39 (3d ed.) *Herrera,* 205 Cal.App.4th 1495, 1509 (2012).

Unrecorded assignments are considered effective and the assignee can enforce the note

without having to record the assignment.  Miller & Starr, 4 Cal. Real Est. § 10:39 (3d ed.)

Accordingly, even if the assignment is somehow defective, it is unclear what prejudice, if

any, it causes to the deed of trust borrower.

 As a result Plaintiff's arguments against Deutche Bank fail.

 2.  <u>PLAINTIFF LACKS STANDING TO CHALLENGE THE TRANSFER OF THE
LOAN TO THE TRUST</u>

 Plaintiff is not a party to the Pooling and Servicing Agreement, and case law

already established that he is not an intended "third-party beneficiary" either.  *See e.g.*

*Jenkins v. JP Morgan Chase Bank, N.A.,* (2013) 216 Cal.App.4th 497, 514-15 (finding

that a defaulted borrower does not have standing to challenge any agreements relating to

the securitization of his or her loan); *Kirk v. Wells Fargo Bank, N.A.*, 2013 WL 132519

(N.D.Cal. 2013) ("Wells Fargo argues that Kirk does not have standing to assert a

violation of the PSA, because he is neither a party to nor an intended beneficiary of that

agreement. The Court agrees."); *Penney v. Wells Fargo Bank, NA*, 2012 WL 2071705 at

*11 (C.D.Cal. 2012) and *Christie v. Morgan Stanley Mortg. Capital Holdings, LLC*, 2012

WL 5363368 at *4 (C.D.Cal. 2012) (Both cases state "[B]ecause Plaintiff does not allege

that she was a party to the assignment, she lacks standing to challenge its validity. *See ...*

*Livonia Prop. Holdings, L.L. C. v. 12840–12976 Farmington Road Holdings, LLC*, 717

F.Supp.2d 724, 737 (E.D.Mich.2010) (holding that a plaintiff who was not and is not a

party to any assignments or Pooling and Servicing Agreement at issue "lacks standing to

challenge their validity or the parties' compliance with those contracts")).

 As a result, Plaintiff cannot challenge securitization of the loan or <u>any</u> assignment

of the Deed of Trust to Deutche Bank . "It is elementary that a plaintiff who lacks

standing cannot state a valid cause of action." (*McKinny v. Board of Trustees* (1982) 31

Cal.3d 79, 90.) An essential element of standing is the requirement that "the plaintiff must

have suffered an 'injury in fact'." (*Lujan v. Defenders of Wildlife* (1992) 504 U.S. 555,

RESPONSE TO OPPOSITION TO MOTION FOR JUDGMENT ON THE PLEADINGS

560.) An "injury-in-fact," in turn is "an invasion of a legally protected interest which is (a) concrete and particularized … and (b) 'actual or imminent, not 'conjectural' or 'hypothetical.'" (*Troyk v. Farmers Group, Inc.* (2009) 171 Cal.App.4th 1305, 1346 [quoting *Lujan v. Defenders of Wildlife*, supra, [504 U.S. at 560].) "A person who invokes the judicial process lacks standing if he, or those whom he properly represents, 'does not have a real interest in the ultimate adjudication because [he] has neither suffered nor is about to suffer any injury of sufficient magnitude reasonably to assure that all of the relevant facts and issues will be adequately presented.' [Citation.]" (*Schmier v. Supreme Court* (2000) 78 Cal.App.4th 703, 707.)

Moreover, Plaintiff's Complaint establishes on its face that Plaintiff lacks standing because it clearly describes contracts between WMC Mortgage and Deutche Bank. "[E]ven if the asserted improper securitization (or any other invalid assignments or transfers of the promissory note …) occurred, the relevant parties to such a transaction were the holders (transferors) of the promissory note and the third party acquirers (transferees) of the note." (*Jenkins v. JPMorgan Chase Bank, N.A.* (2013) 216 Cal.App.4th 497, 514-15 [emphasis added].) "Because a promissory note is a negotiable instrument, a borrower must anticipate it can and might be transferred to another creditor. As to plaintiff[s], an assignment merely substituted one creditor for another, without changing [their] obligations under the note." (*Fontenot v. Wells Fargo Bank, N.A.* (2011) 198 Cal.App.4th 256, 272.) "As [] unrelated third part[ies] to the alleged securitization[s], and any other subsequent transfers of the beneficial interest[s] under the promissory note[s], [Plaintiffs] lack[] standing" to challenge technical errors in the transfers that might affect ownership. (*Jenkins v. JPMorgan Chase Bank, N.A.*, supra, 216 Cal.App.4th at 515 [emphasis added].) "Absent any prejudice, [Plaintiffs] have no standing to complain about any alleged lack of authority or defective assignment." (*Sigla v. Mortgage Electronic Registration Systems, Inc.* (2013) 219 Cal.App.4th 75, 85). Plaintiff "may not assume the theoretical claims of hypothetical transferors and transferees," and lacks

standing to bring suit to challenge the validity of the transfer of the Note and Deed of Trust. (*Jenkins v. JPMorgan Chase Bank, N.A.*, supra, 216 Cal.App.4th at 515).

The logic behind this rule is simple, and is reflected in the absence of any allegations that Plaintiff has been required to pay or do anything other than they bargained for, which is repayment of a Note, for which Plaintiff exchanged a security interest in the Property.

Plaintiff also lacks standing because he has not alleged he suffered any injury caused by the transfer – and in fact Plaintiff has prejudiced Ocwen and Deutche Bank because he and the co-debtor have lived in the Property rent-free and *without payment* since the default in January, 2008, *seven years ago*, all while using the court system in a bad faith effort to vex and harass Defendants, and to cause them to incur cost to defend.

3.   PLAINTIFF FAILS TO STATE A CLAIM FOR WRONGFUL FORECLOSURE

Plaintiff cites *Vawter v. Quality Loan Service Corp. of Washington*, 707 F.Supp.2d 115 (2010) to support the existence of his cause of action for Wrongful Foreclosure.[2]

The use of *Vawter* is disingenuous given the Court in that case *specifically stated there is no cause of action for wrongful foreclosure* because the Revised Code of Washington provides a separate remedy under the "Deed of Trust Act" (RCW 61.24.005 et. seq.). *Vawter* at 1123 ("First, the Vawters have not identified any statutory provision of the DTA that permits a cause of action for wrongful institution of foreclosure proceedings. Standing alone, the fact that the DTA establishes procedures and requisites for the nonjudicial foreclosure process does not necessarily give rise to a cause of action. The Vawters also fail to point to any case law supporting their interpretation of the DTA.").

Moreover, California law states that "the elements to maintain a wrongful foreclosure claim are the same as for obtaining the equitable set-aside of a trustee's sale. *See Lona v. Citibank, N.A.,* 202 Cal.App.4th 89, 104 (Cal.Ct.App.2011). A plaintiff must allege that: "(1) defendants caused an illegal, fraudulent, or willfully oppressive sale of the

---

[2] Plaintiff also uses *Glaski* to support his claim.  As discussed above, *Glaski* has not been followed by this Court and is not controlling, or even persuasive, law.

property pursuant to a power of sale in a mortgage or deed of trust; (2) the plaintiff suffered prejudice or harm; and (3) the plaintiff tendered the amount of the secured indebtedness or was excused from tendering." *Chavez v. Indymac Mortg. Servs.,* 219 Cal.App.4th 1052, 1062 (Cal.Ct.App.2013). Absent any evidence to the contrary, a nonjudicial foreclosure sale is presumed to have been conducted regularly and fairly. *See* Cal. Civ.Code § 2924." *In re Mullin*, 2014 WL 5840364 at *7 (9th Cir.BAP (Cal.) 2014).

Plaintiff tries to raise the specter of fraud in stating he has "presented prima facie evidence that the chain of title was fabricated due to the duplicative and presumptively false assignments." (Opposition, Pg. 10). The argument is purely speculative based on the first Assignment from MERS to Deutche Bank, and a subsequent Assignment that made no change to the parties. The second Assignment was not executed by MERS, but by the beneficiary under the first Assignment, and solely to change <u>how</u> the name of the same beneficiary was stated. This does not "give rise to the presumption the documents were fabricated…" (Opposition, Pg. 10), and the pleadings are otherwise silent.

Plaintiff then asks this Court to consider a New York case involving a dispute between the transferor and successor in interest (*Hal Roach*, Opposition, Pg. 11) as an analogy to an entirely different fact pattern. Here, Plaintiff was not a party to the Assignments at issue and did not have standing to contest the Assignments. Plaintiff owes a debt to the holder of the Note, and his repeated bankruptcy filings and prior litigation with these same parties affirm and/or reinforce his belief that no portion of the debt was excused or extinguished.

Plaintiff also has not suffered harm from the foreclosure sale. Plaintiff failed to perform under the terms of the Note and Deed of Trust, and that is directly attributable to Plaintiff's present circumstances.

Lastly, Plaintiff is required to make a credible offer to tender the full amount due under the Note in order to challenge the foreclosure sale. *See Arnolds Mgmt. Corp. v. Eischen,* 158 Cal.App.3d 575, 205 Cal.Rptr. 15, 17 (1984) ("[A]n action to set aside a trustee's sale for irregularities in sale notice or procedure should be accompanied by an

offer to pay the full amount of the debt for which the property was security.").

Plaintiff has not tendered the amount due to Deutche Bank or Ocwen, and in fact by Plaintiff's own admission he admits Deutche Bank is the party to whom the debt is owed and that he is obligated to make payment to the GSAMP Trust 2005-WMCI (*see* Plaintiff's statement on Pg. 10 of the Opposition, Lines15-16: "Plaintiff was never in default to the *true beneficiary under the DOT, the certificateholders of  the GSAMP Trust 2005-WMCI*.") (emphasis added).

Deutche Bank is the Trustee for the certificateholders of the GSAMP Trust 2005-WMCI, as supported by Plaintiff's own exhibits and contentions in the Complaint. Ocwen is the servicer and attorney-in-fact for Deutche Bank. As evidenced by the foreclosure of the Property, Plaintiff was not excused by Deutche Bank from performing, and obviously was also in default with Deutche Bank.

Plaintiff has not tendered the full amount due and owing under the Note and Deed of Trust, was not excused form performance by Deutche Bank. Therefore his wrongful foreclosure argument fails.

4.  Plaintiff's Argument Regarding Trust Law is Erroneous and Should be Disregarded

Plaintiff's sole argument in support of his contention Deutche Bank lacks standing stems from a fatal misinterpretation of New York law by the *Glaski* Court. (Opposition, Pg. 12). [3],[4]  Plaintiff then provides "codification" of the *Glaski* 'trust law arguments' in California under probate code (Opposition, Pgs. 12-13). This is not a probate case, and despite Plaintiff's confusion over the mere mention of a decedent's trust and power to appoint probate trustees, a Deed of Trust is not governed by the Probate Code.

A Deed of Trust is governed by California Civil Code 2920-2944.7, which provides standing to Deutche Bank and Ocwen to conduct the non-judicial foreclosure.  Defendants had statutory authority to initiate non-judicial foreclosure proceedings.  *See* Cal. Civ.Code

[3] Plaintiff also uses *Glaski* to support his claim.  As discussed above, *Glaski* has not been followed by this Court and is not controlling, or even persuasive, law.
[4] The *Glaski* Court misinterpreted a New York law that did not even apply to securitized trusts. *Ellington Credit Fund, Ltd. v. Select Portfolio Servicing, Inc.*, 837 F. Supp. 2d 162, 180 (S.D.N.Y. 2011).

§ 2924(a)(1); *see also* Gomes v. Countrywide Home Loans, Inc., 192 Cal.App.4th 1149, 121 Cal.Rptr.3d 819, 823–24 (2011) (which states that Cal. Civ.Code § 2924(a)(1) does not allow plaintiffs to bring an action to determine foreclosure authority).

Plaintiff's additional arguments on this claim should be disregarded as irrelevant.

5. Plaintiff fails to state a claim for Breach of Contract and Implied Agreement

Plaintiff Opposition raises additional information not relayed in the pleadings to support his action for breach of contract and implied agreement, and again resorts to *Glaski* for support. [5]  Defendants presented its defense in Sections 1 and 2 herein, and this very Court already decided the PSA arguments fail: "Plaintiff's claims based on alleged violation of the PSA are not viable."  *Snell v. Deutche Bank Nat. Trust Co.*, 2014 WL 325147 (E.D.Cal., Jan. 29, 2014).

Next Plaintiff makes claims of "robo-signing" of the Assignment documents.  For the reasons discussed extensively in the RICO claim, Section 9 herein, the robo-signing claim completely lacks merit.

Then Plaintiff grasps at a "show me the Note" argument in claiming that the Note, a negotiable instrument, was not in the possession of either Deutche Bank or Ocwen. This claim has been invariably defeated by the structure of California's non-judicial foreclosure statutes. Under well-established California law, physical possession and legal status as holder of a note are distinct concepts. The holder of the note is the party entitled to enforce it. See *In re Kang Jin Hwang,* 393 B.R. 701, 707 (Bankr.C.D.Cal.2008). The deed of trust is recorded to give notice to future lenders and purchasers that the property is encumbered by an outstanding loan, and nothing more. Legal title to the property is held by a trustee until the loan is repaid in full. *See Bartold v. Glendale Federal Bank,* 81 Cal.App.4th 816, 821, 97 Cal.Rptr.2d 226 (Cal.App.4th Dist.2000).  Accordingly, Plaintiff's claim fails.

///

///

---

[5] Plaintiff also uses *Glaski* to support his claim.  As discussed above, *Glaski* has not been followed by this Court and is not controlling, or even persuasive, law.

RESPONSE TO OPPOSITION TO MOTION FOR JUDGMENT ON THE PLEADINGS

6. <u>PLAINTIFF FAILS TO STATE A CLAIM FOR UNFAIR AND DECEPTIVE BUSINESS PRACTICES</u>

In the Opposition, Plaintiff again depends on "no valid recorded document" giving Deutche Bank the right to foreclose (Opposition, Pg. 17).  Defendants' Request for Judicial Notice to its Motion clearly shows that MERS had assigned the Deed of Trust to Deutche Bank, which then had the power to appoint a new Trustee to foreclose.  *See* Request for Judicial Notice, Ex. 2 as filed with Defendant's Motion.

Further, Plaintiff relies on prevailing on his RICO and breach of contract claims as the basis for the Unfair and Deceptive Business Practices claim.  This Court already ruled that "Plaintiff admits that this claim 'is sufficiently stated as a derivative cause of action and [that] Plaintiff's ability to pursue this cause of action depends on the success or failure of their substantive causes of action.' Opp'n at 18. For example, Plaintiff states that Quality Loan's violation of TILA constitutes the necessary predicate violation for a <u>section 17200</u> claim. *See* Compl. ¶ 76. … Plaintiff's <u>section 17200</u> claims "rise and fall with the substantive causes of action already discussed." *Tamburri v. Suntrust Mortgage, Inc., C–11–2899 EMC, 2011 WL 6294472 at \*18 (N.D.Cal. Dec.15, 2011)*. As there is no longer any underlying cause of actions against Quality Loan to support Plaintiff's claim under <u>section 17200 of the California Business and Professions Code</u>, this cause of action is DISMISSED without prejudice." *Snell v. Deutche Bank Nat. Trust Co.*, 2014 WL 325147  at \*11-12 (E.D.Cal., Jan. 29, 2014).

Despite this ruling, Plaintiff's Opposition attempts to advance the same bogus theories in an effort to reinforce his §17200 claim.  In order to allege a violation of the *Cal. Bus. & Prof. Code* §17200, a plaintiff must state with <u>reasonable particularity</u> the facts supporting the statutory elements of the violation.  *Khoury v. Maly's of California,* 14 Cal. App. 4th 612, 619, (1993).  Plaintiff's Complaint failed to do so.

In addition, to have standing to allege a claim for violation of section 17200, a plaintiff must allege that he suffered an injury-in-fact as a result of the unfair competition. *Bus. & Prof. Code* § 17204; *Durrell v. Sharp Healthcare*, (2010) 183 Cal.App.4th 1350, 1359.  Further, an "unfair practices claim under section 17200 <u>cannot be predicated on</u>

1  vicarious liability." *Emery v. Visa International Service Association*, (2002) 95

2  Cal.App.4th 952, 960.

3      Here, Plaintiff's causes of action fail because he does not allege facts demonstrating

4  any conduct by Defendants that could be classified as an unlawful, fraudulent, or unfair

5  business act or practice with any degree of reasonable particularity.  Rather, in a purely

6  speculative and vague fashion, Plaintiff claims Defendants are liable for recording the

7  Assignments of Deed of Trust, Substitution of Trustee, Notices of Sale and Trustee's

8  Deed Upon Sale.  (Complaint ¶¶ 77, 78).  Plaintiff provides no particular facts, does not

9  allege how it is an unfair business practice to record an Assignment of the DOT after the

10  "trust pool closes," or anything that would allow him proper standing.

11      Plaintiff's own default is the sole cause of his alleged injuries. As such, there is no

12  violation of either statute or governing law to constitute a violation of §17200.

13

14     7.  <u>PLAINTIFF'S TILA CLAIM IS BARRED BY STATUTE AND RES JUDICATA</u>

15      Plaintiff's Objection again raises TILA issues based on 15 U.S.C. § 1601, et seq.

16  based on a "failure to effectively provide the required disclosures and notices." Objection,

17  Pg. 18.

18      Plaintiff already unsuccessfully attempted to make this same claim against Deutche

19  Bank and Litton Loan Servicing, the predecessor in interest to Ocwen, in an Adversary

20  Proceeding Plaintiff initiated in the Bankruptcy Court.  The Court issued a ruling on

21  Deutche Bank's Motion to Dismiss by stating "any claim for damages under TILA is

22  barred by the one-year statute of limitations of 15 U.S.C. 1640(e)."  Defendant

23  respectfully requests this Court take judicial notice of the *Civil Minutes* entered as Docket

24  Item No. 32 in Plaintiff's Adversary Proceeding Case No. 08-02695.  Although the Court

25  debated the time-frame in which the statute of limitations would begin to run on a TILA

26  claim, i.e. when the loan documents were executed versus when the claim was discovered,

27  the conclusion was that under either scenario Plaintiff's claim was statutorily barred.

28

RESPONSE TO OPPOSITION TO MOTION FOR JUDGMENT ON THE PLEADINGS

1  Here, Plaintiff attempts to overcome this severe defect by arguing the transfer of the

2  loan from the original lender to Deutche Bank renewed the statutory period, or in the

3  alternative that under an 11th Circuit case, that the statute of limitations had been tolled

4  due to "concealment" and "misrepresentation" by the lender. Opposition, Pg. 18. What

5  Plaintiff disingenuously fails to inform this Court is that *Ellis v. General Motors*

6  *Acceptance Corp.*, 160 F.3d 703 (11th Cir. 1999) has been disagreed with by all

7  subsequent courts after the decision was rendered, and the misrepresentation arose from

8  concealment of charges under a vehicle warranty when the vehicle was purchased.

9  Additionally, Plaintiff already raised these same TILA issues with Litton Loan

10  Servicing, the predecessor-in-interest to Ocwen, and Deutche Bank in prior litigation.

11  "Res judicata 'precludes parties or their privies from relitigating a cause of action that has

12  been finally determined by a court of competent jurisdiction.' In order for res judicata to

13  apply, the cause of action in the subsequent litigation must be identical to that in the first.

14  *Morris v. Blank*, 94 Cal.App.4th 823, 831 (2001) (citing *Rice v. Crow*, 81 Cal.App.4th 725

15  (2000) and *Mata v. City of Los Angeles*, 20 Cal.App.4th 141 (1993). In Paragraph 24 of

16  the Complaint filed in Adversary Proceeding 08-02695 in the Bankruptcy Court for the

17  Eastern District of California, Docket Item No. 1, the same Plaintiff makes claims of

18  TILA violations against Deutche Bank as Trustee and Litton Loan Servicing as

19  predecessor-in-interest to Ocwen, which are the same defendants herein. Litton Loan and

20  Deutche Bank filed a Motion to Dismiss; the Court ordered dismissal of the TILA claim.

21  Plaintiff is estopped from his TILA claim against Defendants both under the statute

22  of limitations and res judicata, and as a matter of law must be dismissed.

23  8. <u>PLAINTIFF FAILS TO PROVE A CAUSE OF ACTION UNDER THE FDCPA</u>

24  Plaintiff alleges Deutche Bank is a "debt collector" because the loan was in default

25  at the time of transfer. Opposition, Pg. 19. However, Plaintiff fails to prove that the loan

26  was in default <u>when it was transferred to Deutche Bank</u>. Instead a broad generalization is

27  made that the default existed when the Assignment to Deutche Bank was executed on

28  April 8, 2008 (filed as RJN Exh. "2" to Defendants' Motion for Judgment on the

RESPONSE TO OPPOSITION TO MOTION FOR JUDGMENT ON THE PLEADINGS

1   Pleadings, and referenced extensively in both Plaintiff's Complaint and Opposition).

2   Plaintiff's pleadings fail to show that the loan was transferred to Deutche Bank after

3   default had been declared, and in fact act in support of Defendants.  If the Court were to

4   rely on the Assignment of the DOT, which is not an indicator of the date the loan was

5   transferred to Deutche Bank, it was executed on or about April 8, 2008, whereby MERS

6   assigned its interest as beneficiary under the DOT to "Deutsche Bank National Trust

7   Company as trustee under the Pooling and Servicing Agreement dated as of September 1,

8   2005, GSAMP Trust 2005-WMC1".  The second Assignment merely changed how the

9   name of the Trust was stated, but did not otherwise materially change ownership.

10   This Court already addressed this point in the Motion to Dismiss filed by Quality

11   Loan: "While the Ninth Circuit has not specifically addressed whether mortgagees and

12   their assignees are 'debt collectors' under the FDCPA, courts within this Circuit,'

13   including this one, 'have recognized that a debt collector does not include the consumer's

14   creditors, a mortgage servicing company, or an assignee of a debt, as long as the debt was

15   not in default at the time it was assigned.' *Brashears v. Bank of Am. Home Loans,* No. CV

16   12–6760 FMO (JCGx), 2013 WL 5741832 at *4 (C.D.Cal. Oct.22, 2013) (listing

17   numerous cases from Central, Northern, Southern, and Eastern Districts of California);

18   *Tina v. Countrywide Home Loans, Inc.,* 2008 WL 4790906 at *7 n. 2 (S.D.Cal. Oct.30,

19   2008) (holding that "Countrywide is not a 'debt collector' as defined under the FDCPA"

20   because "the ... FDCPA defines 'debt collector' as one who collects consumer debts owed

21   to another. Countrywide's conduct was directed to collecting its own debts.")." *Snell v.

22   Deutche Bank Nat. Trust Co.*, 2014 WL 325147 (E.D.Cal., Jan. 29, 2014).

23   Plaintiff did not default until the January 1, 2008 payment, and default was not

24   declared until April 9, which is after the date of the Assignment (if the date of the

25   Assignment was to be used as the transfer date, which Defendants contend it is not).

26   Moreover, MERS is never a debt collector and does not meet any of the

27   requirements to be liable for an FDCPA claim. *See McLaughlin v. Chase Home Fin., LLC*,

28   519 F. App'x 904, 909 (6th Cir. 2013) ("MERS 'obtained' the debt when the

McLaughlins granted MERS the Mortgage as security for Sallie Mae's loan to them. At that time, the debt was not in default, so under the statute, MERS cannot be a debt collector."); *Diessner v. Mortgage Elec. Registration Sys., Inc.*, 618 F. Supp. 2d 1184, 1188 (D. Ariz. 2009) ("MERS and Aurora argue that Diessner's claim under the FDCPA fails because MERS and Aurora are not 'debt collectors' within the meaning of the FDCPA and a non-judicial foreclosure action does not constitute 'debt collection' under the FDCPA. The court concurs."), *aff'd*, 384 F. App'x 609 (9th Cir. 2010).

Additionally, the Ninth Circuit has specifically held that foreclosing on a deed of trust is distinct from the obligation to pay money, and is therefore not covered by the FDCPA. *Hulse v. Ocwen Fed. Bank* (2002) 195 F. Supp. 2d 1188, 1204. The United States District Court in San Diego dismissed this same form of complaint. Specifically, that Court held that the "activity of foreclosing on [a] property pursuant to a deed of trust is not the collection of a debt within the meaning of the" FDCPA. *Hulse v. Ocwen Fed. Bank, FSB*, 195 F.Supp.2d 1188, 1204 (D.Or.2002) (holding that the plaintiff improperly brought a claim challenging the lawfulness of foreclosure proceedings pursuant to a deed of trust under the FDCPA). *See Ines v. Countrywide Home Loans, Inc.*, 2008 WL 2795875 (S.D. Cal.); and *Izenberg v. ETS Services, LLC*, 589 F.Supp.2d 1193, 1199 (C.D.Cal.2008). This action challenges the lawfulness of foreclosure proceedings on the Property pursuant to the DOT, which is not the collection of a debt within the meaning of the FDCPA.

As a result, Plaintiff's claim for violation of the FDCPA fails.  Plaintiff realizes this, and attempts make an additional claim in the Opposition that letters did not contain proper "debt collector warnings" (Opposition, Pg. 19).  This allegation is not supported by the Complaint, and because Defendants are not debt collectors the argument fails accordingly.

9. <u>PLAINTIFF FAILS TO PROVE A CAUSE OF ACTION UNDER RICO</u>

The crux of Plaintiff's RICO argument is an ambiguous pattern of conduct based on a "securitization report" from an "expert" and Robo-Signing by Marti Noriega (Opposition, Pgs. 20-21).

RESPONSE TO OPPOSITION TO MOTION FOR JUDGMENT ON THE PLEADINGS

First, in discovery responses provided by one or more Defendants to Plaintiff over two months ago, it was conclusively established by Corporate Resolution that Marti Noriega was able to execute documents on behalf of MERS, yet Plaintiff completely disregards the existence of this document and instead insists on continuing with a meritless argument.

Second, Plaintiff offer only conclusions of misconduct but provide no legal basis in support of a robo-signing claim, and bases his claim solely on conjecture and an illegible report from a purported "expert" on the history of the loan.  The report does not show conclusive evidence of robo-signing, but merely states that Noriega is a "known robo-signer" without a shred of evidence to support the contention.

The claim is also without substance due to Plaintiff's inability to challenge the assignments:

> Plaintiff alleges that Defendant MERS robo-signed documents when assigning the deed of trust. … However, 'robo-signing' of documents in the securitization and transfer process does not itself constitute harm to the borrower because it does not affect the foreclosure, which is the only injury suffered by the homeowner. *See Javaheri v. JP Morgan Chase Bank, N.A.,* No. 10–08185 ODW, 2012 WL 3426278, at *7 (C.D.Cal. Aug. 13, 2012) ("While the allegation of robo-signing may be true, the Court ultimately concludes that [Plaintiff] lacks standing to seek relief under such an allegation.... [T]he only injury [Plaintiff] alleges is the pending foreclosure on his home, which is the result of his default on his mortgage. The foreclosure would occur regardless of what entity was named as trustee, and so [Plaintiff] suffered no injury as a result of this substitution."). Plaintiff thus cannot claim to be the "true victim" of the alleged mistakes in the assignment process. *See Fontenot,* 198 Cal. App. 4th at 272 ("If [defendant] indeed lacked authority to make the assignment, the true victim was not plaintiff but the original lender, which would have suffered the unauthorized loss...."). Consequently, Plaintiff lacks standing to challenge the alleged irregularities in the assignment of her loan.

*Moran v. GMAC Mortgage, LLC*, 2014 WL 3853833 (N.D.Cal. 2014).

Additionally, *Elliott v. Mortg. Elec. Registration Sys., Inc.,* 2013 WL 1820904, at *2 (N.D.Cal. Apr. 30, 2013)  clarifies that allegedly "robo-signed" documents did not affect the validity of the foreclosure process due to the plaintiff's default. In fact, numerous courts have found that where a plaintiff alleges that a document is void due to

1   robo-signing, yet does not contest the validity of the original debt (which here Plaintiff

2   affirms both the original loan *and* the fact that he owes Deutche Bank), and is not a party

3   to the assignment, a plaintiff does not have standing to contest the alleged fraudulent

4   transfer. *See e.g. Maynard v. Wells Fargo Bank, N.A.,* 2013 WL 4883202, at *9 (S.D.Cal.

5   Sept. 11, 2013) *Kuc v. Bank of Am., NA,* 2012 WL 1268126, at *2 (D.Ariz. Apr. 16, 2012)

6   ("[P]laintiff, as a third-party borrower, does not have standing to challenge the validity of

7   any allegedly 'robosigned' recorded assignments."); *Javaheri v. JPMorgan Chase Bank*

8   *N.A.,* 2012 WL 3426278, at *6 (C.D.Cal. Aug. 13, 2012) (even if accepting allegations of

9   robo-signing as true, plaintiff lacked standing to challenge substitution of trustee

10  agreement));  *Pratap v. Wells Fargo Bank, N.A.*, 2014 WL 3884413 at *6 (N.D.Cal. 2014)

11  (even if Plaintiffs' robo-signing allegations are true, Plaintiffs lack standing to seek relief

12  under such an allegation..).

13          Third, this Court also found that Plaintiff did not properly allege the RICO claim in

14  the hearing on Quality Loan's Motion to Dismiss, and for these same reasons the

15  argument fails against Defendants now:

16          Specifically, Plaintiff alleges that "[b]y engaging in a pattern of
        racketeering activity, specifically 'mail or wire fraud,' the Defendants
17      subject to this Count participated in a criminal enterprise affecting
18      interstate commerce."

19          "To allege a violation of the mail fraud statute, it is necessary to show that
20      (1) the defendants formed a scheme or artifice to defraud; (2) the
        defendants used the United States mails or caused a use of the United
21      States mails in furtherance of the scheme; and (3) the defendants did so
22      with the specific intent to deceive or defraud." *Schreiber Distrib. Co. v.
        Serv–Well Furniture Co., Inc.,* 806 F.2d 1393, 1399–1400 (9th Cir.1986).
23

24          In addition, Rule 9(b) requires that "[i]n alleging fraud ... a party must state
25      with particularity the circumstances constituting fraud...." In alleging
        fraud, a complaint must "specify such facts as the times, dates, places,
26      benefits received, and other details of the alleged fraudulent activity."
27      *Neubronner v. Milken,* 6 F.3d 666, 671–72 (9th Cir.1993); *see Harrison v.
        Westinghouse Savannah River Co.,* 176 F.3d 776, 784 (4th Cir.1999)
28

RESPONSE TO OPPOSITION TO MOTION FOR JUDGMENT ON THE PLEADINGS

(citing 5 Charles Alan Wright and Arthur R. Miller, Federal Practice and Procedure: Civil § 1297, at 590 (2d ed.1990)) (noting that in asserting a claim for fraud, a complaint must allege the "time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby.").

Here, Plaintiff's Complaint contains general allegations of mail fraud, but fails to satisfy the heightened pleading requirement of Rule 9(b) … For example, vague statements such as "Defendants were aware of the misrepresentations and profited from them" do not meet Rule 9(b)'s heightened standard. To survive a motion to dismiss, Plaintiff must allege facts … such as the times, dates, places, benefits received, the identity of the person making the misrepresentation, and other details of the alleged fraudulent activity. *See Neubronner,* 6 F.3d at 671–72; *Harrison,* 176 F.3d at 784; Fed.R.Civ.P. 9(b).

*Snell v. Deutche Bank Nat. Trust Co.*, 2014 WL 325147 at *9-10 (E.D.Cal., Jan. 29, 2014).

Last, Plaintiff already raised these same RICO issues with Litton Loan Servicing, the predecessor-in-interest to Ocwen, and Deutche Bank in prior litigation, and is estopped from making this same claim again. "Res judicata 'precludes parties or their privies from relitigating a cause of action that has been finally determined by a court of competent jurisdiction.'  In order for res judicata to apply, the cause of action in the subsequent litigation must be identical to that in the first. *Morris v. Blank*, 94 Cal.App.4th 823, 831 (2001) (citing *Rice v. Crow*, 81 Cal.App.4th 725 (2000) and *Mata v. City of Los Angeles*, 20 Cal.App.4th 141 (1993).  In Paragraph 7 (Request for Relief) of the Complaint filed in Adversary Proceeding 08-02695 in the Bankruptcy Court for the Eastern District of California, Docket Item No. 1, the same Plaintiff makes claims of RICO violations against Deutche Bank as Trustee and Litton Loan Servicing as predecessor-in-interest to Ocwen, which are the same defendants herein.  Litton Loan and Deutche Bank filed a Motion to Dismiss; the Court ordered dismissal of the RICO claim.

Plaintiff is estopped from his RICO claim against Defendants under res judicata, and as a matter of law must be dismissed without leave to amend.

10. <u>ALL OF PLAINTIFF'S CLAIMS ARE TIME-BARRED</u>

"[A]s a general rule the limitations period starts at the consummation of the transaction." *King v. California*, 784 F.2d 910, 915 (9th Cir.1986). Here Plaintiff identifies an Assignment of Deed of Trust dated April 8, 2008, recorded May 12, 2008, as the operative document that forms the basis for all causes of action. The Assignment was recorded in public record, and was easily discoverable by Plaintiff at any time. Plaintiff was already in default on his loan in 2008.

The statute of limitations for each cause of action is as follows:

- First Cause of Action: Slander of Title, 3 years (Code Civ. Proc. § 338(g));
- Second Cause of Action: Wrongful Foreclosure, 3 years (Code Civ. Proc. § 338(b));
- Third Cause of Action: Breach of Contract (Breach of express agreements based on a Deed of Trust), four years after executing a document (Code Civ. Proc. § 337(1));
- Fourth Cause of Action: Breach of Contract (Breach of Implied Agreements stemming from Pooling and Servicing Agreement), 4 years after execution of the document (Code Civ. Proc. § 343);
- Fifth Cause of Action: Cal. Business and Professions Code § 17200, 4 years after cause of action accrued (Cal. Business and Professions Code § 17208, *Aryeh v. Canon Business Solutions, Inc.*, 55 Cal.4th 1185, 1192-93);
- Sixth Cause of Action: Truth in Lending Act, 1 year from date of loan origination (15 U.S.C. §1640(e));
- Seventh Cause of Action: Fair Debt Collection Practices Act, 1 year from date the violation occurred (15 U.S.C. 1692k(d));
- Eighth Cause of Action: Civil RICO Action, 4 years (*Agency Holding Corp. v. Malley-Duff & Associates, Inc.*, 483 U.S. 143, 156 (1987).

As a result Plaintiff cannot present a cause of action to this Court within the applicable statute of limitations, and the claims must be dismissed.

///

///

RESPONSE TO OPPOSITION TO MOTION FOR JUDGMENT ON THE PLEADINGS

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**CONCLUSION**

For all the reasons set forth herein, Defendants respectfully request that their Motion be granted.

Respectfully submitted,

WRIGHT, FINLAY & ZAK, LLP

Dated:   December 12, 2014

By: /s/ Renee M. Parker
Renee M. Parker, Esq.
Attorneys for Defendants, OCWEN LOAN SERVICING, LLC as attorney in fact for DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR GSAMP TRUST 2005-WMC1 and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.

RESPONSE TO OPPOSITION TO MOTION FOR JUDGMENT ON THE PLEADINGS

## PROOF OF SERVICE

I, Renee M. Parker, declare as follows:

  I am employed in the County of Orange, State of California.  I am over the age of eighteen (18) and not a party to the within action.  My business address is 4665 MacArthur Court, Suite 280, Newport Beach, California 92660.  I am readily familiar with the practices of Wright, Finlay & Zak, LLP, for collection and processing of correspondence for mailing with the United States Postal Service.  Such correspondence is deposited with the United States Postal Service the same day in the ordinary course of business.

  On December 12, 2014, I served the within **RESPONSE TO PLAINTIFF'S OPPOSITION TO MOTION FOR JUDGMENT ON THE PLEADINGS** on all interested parties in this action as follows:

*SEE ATTACHED SERVICE LIST*

[**X**] by placing [ ] the original [**X**] a true copy thereof enclosed in sealed envelope(s) addressed as follows:

[ ] (BY MAIL SERVICE) I placed such envelope(s) for collection to be mailed on this date following ordinary business practices.

[**X**] (CM/ECF Electronic Filing) I caused the above document(s) to be transmitted to the office(s) of the addressee(s) listed by electronic mail at the e-mail address(es) set forth above pursuant to Fed.R.Civ.P.5(b)(2)(E). "A Notice of Electronic Filing (NEF) is generated automatically by the ECF system upon completion of an electronic filing. The NEF, when e-mailed to the e-mail address of record in the case, shall constitute the proof of service as required by Fed.R.Civ.P.5(b)(2)(E).  A copy of the NEF shall be attached to any document served in the traditional manner upon any party appearing pro se."

[**X**] (FEDERAL) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on December 12, 2014 at Newport Beach, California.

_____
Renee M. Parker

RESPONSE TO OPPOSITION TO MOTION FOR JUDGMENT ON THE PLEADINGS

SERVICE LIST

Michael Yesk, Esq.
Megan Dailey, Esq.
Yesk Law
70 Doray Drive, Suite 16
Pleasant Hill, CA  94523
(925) 849-5525; Fax: (925) 334-5316
m.yesklaw@gmail.com; megan.dailey@sbcglobal.net

*Attorneys for Plaintiff Amos G. Snell*

Matthew Bryan Learned, Esq.
McCarthy and Holthus LLP
1770 Fourth Avenue
San Diego, CA 92101
(619) 685-4800; Fax: (619) 685-4811
mlearned@mccarthyholthus.com

*Attorneys for Defendant, Quality Loan Service Corporation*

RESPONSE TO OPPOSITION TO MOTION FOR JUDGMENT ON THE PLEADINGS