1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   AMOS G. SNELL,                              No.  2:13-cv-2178 DAD

12                 Plaintiff,

13        v.                                     ORDER

14   DEUTSCHE BANK NATIONAL TRUST
     COMPANY, et al.,
15

16                 Defendants.

17

18        This matter came before the court on December 19, 2014, for hearing of defendants'

19   motion for judgment on the pleadings.[1]  (Dkt. No. 28.)  Attorney Jonathan Fink appeared

20   telephonically on behalf of the defendants and attorney Megan Daily appeared telephonically on

21   behalf of the plaintiff.  For the reasons set forth below, defendants' motion will be granted.

22                                    BACKGROUND

23        According to the allegations of the complaint, on June 14, 2005, plaintiff obtained a loan

24   and recorded a Deed of Trust against the real property located at 2808 Olivewood Lane in

25   Vallejo, California ("Subject Property").  (Compl. (Dkt. No. 1) at 2-3.[2])  WMC Mortgage Corp.

26   _____

     [1] The parties have consented to Magistrate Judge jurisdiction over this action pursuant to 28
27   U.S.C. § 636(c)(1).  (Dkt. No. 18.)
     [2] Page number citations such as this one are to the page numbers reflected on the court's CM/ECF
28   system and not to page numbers assigned by the parties.

1  ("WMC") was the original lender and Mortgage Electronic Registration Systems, Inc.,

2  ("MERS"), was named "as Nominee for Lenders." (Id. at 3.)  WMC, however, ceased doing

3  business in 2007. (Id.)

4  On April 9, 2008, Quality Loan Service Corporation, ("Quality Loan"), "as an agent for

5  the beneficiary," recorded a Notice of Default in the Solano County Recorder's Office, "signaling

6  the commencement of the foreclosure process." (Id.)  On May 12, 2008, an Assignment of Deed

7  of Trust was recorded in the Solano County Recorder's Office, purporting to "convey the

8  beneficial interest in Plaintiff's Deed of Trust to Deutsche Bank, as Trustee for GSAMP Trust

9  2005-WMCI." (Id.)

10  On May 21, 2008, Deutsche Bank recorded a Substitution of Trustee naming Quality Loan

11  as Trustee. (Id. at 4.)  Thereafter, notices of Trustee's Sale were recorded in the Solano County

12  Recorder's Office on October 31, 2008, January 1, 2010, March 16, 2011, November 16, 2011,

13  and February 15, 2012. (Id.)

14  On March 29, 2012, a second Assignment of Deed of Trust was recorded in the Solano

15  County Recorder's Office. (Id.)  In that document, Deutsche Bank, "as Trustee under the Pooling

16  and Servicing Agreement dated as of September 1, 2005, GSAMP," transferred the beneficial

17  interest in plaintiff's property to Deutsche Bank "as of September 1, 2005." (Id.)  On October 24,

18  2012, the Subject Property was sold and a "Trustee's Deed Upon Sale was recorded in the Solano

19  County Recorder's office," conveying title in the Subject Property to Deutsche Bank. (Id. at 5.)

20  On April 11, 2013, Ocwen Loan Servicing ("Ocwen Loan"), executed a Grant Deed, "purporting

21  to grant Plaintiff's property from Deutsche Bank to Next Generation Capital, LLC." (Id.)

22  Plaintiff filed the complaint in this action on October 18, 2013, pursuant to federal

23  question jurisdiction, alleging violations of state and federal laws against defendants MERS,

24  Quality Loan, Ocwen Loan and Deutsche Bank.  On November 12, 2013, defendants Ocwen

25  Loan, MERS and Deutsche Bank filed an answer. (Dkt. No. 6.)  On November 13, 2013,

26  defendant Quality Loan filed a motion to dismiss. (Dkt. No. 7.)

27  On January 29, 2014, the previously assigned District Judge granted defendant Quality

28

1  Loan's motion to dismiss.[3]  (Dkt. No. 17.)  On February 3, 2014, the previously assigned District

2  Judge reassigned this matter to the undersigned pursuant to the parties' consent.  (Dkt. No. 18.)

3  On November 10, 2014, defendants Ocwen Loan, MERS and Deutsche Bank ("defendants"),

4  filed a motion for judgment on the pleadings.  (Dkt. No. 28.)  Plaintiff filed an opposition to the

5  motion on December 5, 2014.  (Dkt. No. 31.)  Defendants filed a reply in support of the motion

6  for judgment on the pleadings on December 12, 2014.  (Dkt. No. 35.)

7                                              STANDARDS

8         Rule 12(c) of the Federal Rules of Civil Procedure provides that:  "After the pleadings are

9  closed – but early enough not to delay trial – a party may move for judgment on the pleadings."

10  In reviewing a motion brought under Rule 12(c), the court "must accept all factual allegations in

11  the complaint as true and construe them in the light most favorable to the nonmoving party."

12  Fleming v. Pickard, 581 F.3d 922, 925 (9th Cir. 2009).

13         The same legal standard applicable to a Rule 12(b)(6) motion applies to a Rule 12(c)

14  motion.  Dworkin v. Hustler Magazine, Inc., 867 F.2d 1188, 1192 (9th Cir. 1989).  Accordingly,

15  "'[a] judgment on the pleadings is properly granted when, taking all the allegations in the non-

16  moving party's pleadings as true, the moving party is entitled to judgment as a matter of law.'"

17  Marshall Naify Revocable Trust v. U.S., 672 F.3d 620, 623 (9th Cir. 2012) (quoting Fajardo v.

18  Cnty. of L.A., 179 F.3d 698, 699 (9th Cir. 1999)).  See also Fleming v. Pickard, 581 F.3d 922,

19  925 (9th Cir. 2009) ("Judgment on the pleadings is properly granted when there is no issue of

20  material fact in dispute, and the moving party is entitled to judgment as a matter of law.").  The

21  allegations of the nonmoving party must be accepted as true, while any allegations made by the

22  moving party that have been denied or contradicted are assumed to be false.  MacDonald v. Grace

23  Church Seattle, 457 F.3d 1079, 1081 (9th Cir. 2006).  The facts are viewed in the light most

24  favorable to the non-moving party and all reasonable inferences are drawn in favor of that party.

25  Living Designs, Inc. v. E.I. DuPont de Nemours & Co., 431 F.3d 353, 360 (9th Cir. 2005).

26

27  [3]  Pursuant to that order plaintiff was granted leave to file an amended complaint within 30 days.  (Dkt. No. 17 at 20.)  Plaintiff, however, did not elect to file an amended complaint and defendant

28  Quality Loan was accordingly dismissed from this action.  (Id.)

3

1       ANALYSIS

2           Plaintiff's complaint alleges three causes of action pursuant to federal law:  (1) violation

3   of the Fair Debt Collection Practices Act ("FDCPA"); (2) a RICO claim; and (3) violation of the

4   Truth In Lending Act ("TILA").  See Snell v. Deutsche Bank Nat. Trust Co., No. 2:13-cv-2178

5   MCE DAD, 2014 WL 325147, at *3 (E.D. Cal. Jan. 29, 2014) ("Plaintiff alleges three claims

6   based on federal law; the remaining five claims are based on state law.").

7   **I.       Fair Debt Collection Practices Act**

8           Plaintiff's complaint alleges that the defendants "are debt collectors within the meaning of

9   the Fair Debt Collection Practices Act, 15 U.S.C. § 1692."  (Compl. (Dkt. No. 1) at 23.)  In this

10  regard, plaintiff alleges that the defendants "regularly collect[] or attempt[] to collect . . . debts

11  owed . . . or due to another," and "hold themselves out to have interests in Plaintiff's Loan and

12  Deed of Trust . . . ."  (Id.)  Defendants seek judgment on the pleadings based, in part, on the

13  assertion that "[n]othing in the complaint suggest that these Defendants are 'debt collectors'

14  within the meaning of the" FDCPA.  (Defs.' Mot. JOTP (Dkt. No. 28) at 31.)

15          The FDCPA, 15 U.S.C. § 1692, et seq., regulates conduct between consumers and "debt

16  collectors."  See Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA, 559 U.S. 573, 576

17  (2010); Rowe v. Education Credit Mgmt. Corp., 559 F.3d 1028, 1031 (9th Cir. 2009).  In this

18  regard, "in order for a plaintiff to recover under the FDCPA, there are three threshold

19  requirements:  (1) the plaintiff must be a 'consumer'; (2) the defendant must be a 'debt collector';

20  and (3) the defendant must have committed some act or omission in violation of the FDCPA."

21  Robinson v. Managed Accounts Receivables Corp., 654 F. Supp.2d 1051, 1057 (C.D. Cal. 2009).

22  Under the FDCPA, a debt collector is one who "uses any instrumentality of interstate commerce

23  or the mails in any business the principal purpose of which is the collection of any debts, or who

24  regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be

25  owed or due another."  15 U.S.C. § 1692a(6).

26  /////

27          "Although the Ninth Circuit has not addressed whether foreclosure proceedings constitute

28  debt collection within the ambit of the FDCPA, courts in this Circuit have regularly held that

4

1   nonjudicial foreclosure is not debt collection." Rockridge Trust v. Wells Fargo, N.A., 985 F.

2   Supp.2d 1110, 1136 (N.D. Cal. 2013). See also Aguirre v. Cal-Western Reconveyance Corp.,

3   No. CV 11-6911 (AGRx), 2012 WL 273753, at *7 (C.D. Cal. Jan. 30, 2012) ("law is well-settled

4   that creditors, mortgagors, and mortgage servicing companies are not debt collectors and are

5   statutorily exempt from liability under the FDCPA"); Lal v. American Home Servicing, Inc., 680

6   F. Supp.2d 1218, 1224 (E.D. Cal. 2010) ("The law is well settled that FDCPA's definition of debt

7   collector does not include the consumer's creditors, a mortgage servicing company, or any

8   assignee of the debt."); Mansour v. Cal-Western Reconveyance Corp., 618 F. Supp.2d 1178, 1182

9   (D. Ariz. 2009) ("The Court finds the legislative history and the legal authority discussed above

10  to be persuasive, and therefore finds that none of the Defendants (an assignee, a servicing

11  company, and a fiduciary) is a 'debt collector' as defined in the FDCPA. The Court further finds

12  that the non-judicial foreclosure proceeding at issue is not an attempt to collect a 'debt' for

13  FDCPA purposes.").

14        Moreover, plaintiff's complaint fails to allege any facts from which the court could infer

15  that any defendants' principal purpose is debt collection. See Schlegel v. Wells Fargo Bank, NA,

16  720 F.3d 1204, 1209 (9th Cir. 2013) ("The complaint fails to provide any factual basis from

17  which we could plausibly infer that the principal purpose of Wells Fargo's business is debt

18  collection. Rather, the complaint's factual matter, viewed in the light most favorable to the

19  Schlegels, establishes only that debt collection is some part of Wells Fargo's business, which is

20  insufficient to state a claim under the FDCPA."); Fiorilli v. Wells Fargo Bank, N.A., No. C-14-

21  0557 (DMR), 2014 WL 5454396, at *2 (N.D. Cal. Oct. 27, 2014) ("This conclusory assertion is

22  insufficient because Plaintiff must plead the 'factual content' necessary to support a reasonable

23  inference that Defendant is a 'debt collector.'"); O'Connor v. Wells Fargo, N.A., No. C-14-0211

24  DMR, 2014 WL 4802994, at *3 (N.D. Cal. Sept. 26, 2014) ("According to the allegations in the

25  complaint and judicially noticeable facts, Plaintiff took out a mortgage loan from Wells Fargo's

26  predecessor, and Wells Fargo attempted to collect funds related to that loan. These facts do not

27  make Wells Fargo a debt collector for purposes of the FDCPA. The complaint fails to allege

28  facts that Wells Fargo's principal purpose is the collection of debts or that Wells Fargo collected

1   these debts for another.").[4]

2         Accordingly, for the reasons stated above, defendants' motion for judgment on the

3   pleadings will be granted as to this claim.

4   **II.    RICO**

5         Plaintiff alleges that the defendants "conspired together to violate 18 U.S.C. § 1962(d),"

6   by sending "fraudulent affidavits, assignments and pleadings to the clerks of court, judges,

7   attorneys, and defendants in foreclosure cases." (Compl. (Dkt. No. 1) at 27, 29.)

8         To state a cognizable RICO claim, a plaintiff must allege:  (1) conduct, (2) of an

9   enterprise, (3) through a pattern, (4) of racketeering activity (known as "predicate acts"), (5)

10  causing injury to plaintiff's business or property.  Sanford v. Memberworks, Inc., 625 F.3d 550,

11  557 (9th Cir. 2010); Walter v. Drayson, 538 F.3d 1244, 1247 (9th Cir. 2008); Grimmett v. Brown,

12  75 F.3d 506, 510 (9th Cir. 1996).  The alleged enterprise must exist "separate and apart from that

13  inherent in the perpetration of the alleged [activity]."  Chang v. Chen, 80 F.3d 1293, 1300-01 (9th

14  Cir. 1996).  See also Rae v. Union Bank, 725 F.2d 478, 481 (9th Cir. 1984) ("If Union Bank is

15  the enterprise, it cannot also be the RICO defendant.").  A "pattern of racketeering activity"

16  means at least two criminal acts enumerated by statute.  18 U.S.C. § 1961(1), (5) (including,

17  among many others, mail fraud, wire fraud, and financial institution fraud).  These so-called

18  "predicate acts" under RICO must be alleged with specificity in compliance with Rule 9(b) of the

19  /////

20  /////

21  Federal Rules of Civil Procedure.[5]  Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d

---

22  [4] In his opposition to the pending motion, plaintiff relies on the decision in Williams v. Wells
23  Fargo Bank, N.A., No. C10-5880 BHS, 2012 WL 72727, (W.D. Was. Jan. 10, 2012), which held
    that the defendant bank could be a debt collector under the FDCPA and refused to adopt a "per se
24  holding" that the act of foreclosure was "not 'debt collection' under the FDCPA." (Id. at *5.)
    "The problem with Plaintiff's reliance on Williams is that it is an unpublished out of district case
25  directly contradicted by the Ninth Circuit's more recent published opinion on matters analogous
    to those presented here."  O'Connor v. Wells Fargo, N.A., No. C-14-0211 DMR, 2014 WL
26  4802994, at *4 (N.D. Cal. Sept. 26, 2014) (citing Schlegel v. Wells Fargo Bank, NA, 720 F.3d
27  1204 (9th Cir. 2013)).
    [5] Circumstances that must be stated with particularity pursuant to Rule 9(b) include the "time,
28  place, and specific content of the false representations as well as the identities of the parties to the

1393, 1400-01 (9th Cir. 2004).  See also Lancaster Community Hospital v. Antelope Valley

Hospital Dist., 940 F.2d 397, 405 (9th Cir. 1991) (holding with respect to the predicate act of mail

fraud that a plaintiff must allege with "particularity the time, place, and manner of each act of

fraud, plus the role of each defendant in each scheme"); Alan Neuman Productions, Inc. v.

Albright, 862 F .2d 1388, 1392-93 (9th Cir. 1988).

As noted by the previously assigned District Judge in granting Quality Loan's motion to

dismiss:

> Here, Plaintiff's Complaint contains general allegations of mail
> fraud, but fails to satisfy the heightened pleading requirement of
> Rule 9(b) . . . .  For example, vague statements such as "Defendants
> were aware of the misrepresentations and profited from them" do
> not meet Rule 9(b)'s heightened standard.  To survive a motion to
> dismiss, Plaintiff must allege facts . . . such as the times, dates,
> places, benefits received, the identity of the person making the
> misrepresentation, and other details of the alleged fraudulent
> activity.

Snell v. Deutsche Bank Nat. Trust Co., No. 2:13-cv-2178 MCE DAD, 2014 WL 325147, at *10

(E.D. Cal. Jan. 29, 2014).

Accordingly, defendants' motion for judgment on the pleadings will also be granted as to

plaintiff's RICO claim.

### III.   Truth In Lending Act

Plaintiff alleges that the defendants "violated TILA by failing to provide Plaintiff with

accurate material disclosures required under TILA," and thus failing to "fully inform" plaintiff of

the "pros and cons of adjustable rate mortgages . . . ."  (Compl. (Dkt. No. 1) at 20-21.)

However, individual actions for damages under TILA must be filed within one year of the

---

misrepresentations."  Sanford v. Memberworks, Inc., 625 F.3d 550, 558 (9th Cir. 2010) (quoting
Edwards v. Marin Park, Inc., 356 F.3d 1058, 1066 (9th Cir. 2004)). See also Swartz v. KPMG
LLP, 476 F.3d 756, 764 (9th Cir. 2007); Miscellaneous Serv. Workers, Drivers & Helpers v.
Philco-Ford Corp., 661 F.2d 776, 782 (9th Cir. 1981) (affirming the district court's dismissal of
the plaintiffs' deceit and misrepresentation claims where plaintiffs failed to allege with sufficient
particularity the content of the false representations and identities of the parties to the
misrepresentations).  "In the context of a fraud suit involving multiple defendants, a plaintiff
must, at a minimum, 'identif[y] the role of [each] defendant[ ] in the alleged fraudulent scheme.'"
Swartz, 476 F.3d at 765 (quoting Moore v. Kayport Package Express, 885 F.2d 531, 541 (9th Cir.
1989)).

1   date of occurrence of the alleged violation.  15 U.S.C § 1640(e).  The one-year limitations period

2   begins to run when the plaintiff executes his or her loan documents, "because they could have

3   discovered the alleged disclosure violations and discrepancies at that time."  Cervantes v.

4   Countrywide Home Loans, Inc., 656 F.3d 1034, 1045 (9th Cir. 2011).  See also Meyer v.

5   Ameriquest Mortg. Co., 342 F.3d 899, 902 (9th Cir. 2003) ("The failure to make the required

6   disclosures occurred, if at all, at the time the loan documents were signed.  The Meyers were in

7   full possession of all information relevant to the discovery of a TILA violation and a § 1640(a)

8   damages claim on the day the loan papers were signed.").  Here, the complaint alleges that

9   plaintiff is the "Trustor/Borrower" on the Deed of Trust "recorded on June 14, 2005," which is

10   over eight years prior to the commencement of this civil action.  Moreover, plaintiff makes no

11   attempt to argue, let alone establish, the applicability of equitable tolling under the facts of his

12   case.[6]

13        In his complaint plaintiff also alleges he has "the right to rescind the loan on the Subject

14   Property" and that the defendants "deny that right."  (Compl. (Dkt. No. 1) at 22.)  However, a

15   borrower's right to rescind a loan transaction under TILA expires "three years after the date of

16   consummation of the transaction or upon the sale of the property, whichever occurs first . . . ."  15

17   U.S.C. § 1635(f).  "Unlike TILA's one year period for civil damages claims, the three year period

18   for TILA rescission claims is an 'absolute' statute of repose that cannot be tolled."  Falcocchia v.

19   Saxon Mortg., Inc., 709 F.Supp.2d 860, 867 (E.D. Cal. 2010) (citing Miguel v. Country Funding

20   Corp., 309 F.3d 1161, 1164 (9th Cir. 2002)).  According to allegations of plaintiff's complaint,

21

---

22   [6]  Plaintiff's complaint does assert, without elaboration or explanation, that "[a]ny and all
statute[s] of limitations relating to disclosures and notices required pursuant to 15 U.S.C. § 1601,

23   et seq. were tolled due to Defendants' failure to effectively provide the required disclosures and
notices . . . ."  (Compl. (Dkt. No. 1) at 22.)  However, "[t]hat plaintiff[] allege[s] defendants failed

24   to make the necessary TILA disclosures is not a sufficient basis for equitable tolling because a
contrary rule would render the one-year statute of limitations meaningless, as it would be tolled

25   wherever there were improper disclosures."  Pedersen v. Greenpoint Mortg. Funding, Inc., 900
F.Supp.2d 1071, 1079 (E.D. Cal. 2012).  See also Vargas v. JP Morgan Chase Bank, N.A., No.

26   5:14-cv-0859-ODW(JCGx), 2014 WL 3435628, at *4 (C.D. Cal. July 11, 2014) ("However, this

27   allegation does little more than restate the alleged failure to disclose.  Not receiving a copy of the
assignment is the very heart of the underlying TILA claim.  Vargas must provide facts

28   independent of the disclosure violation to show equitable tolling.").

1  the purchase of the Subject Property occurred over eight years prior to the filing of this action.

2         In addition, in his TILA claim plaintiff's complaint asserts that the defendants violated 15

3  U.S.C § 1641(g), which requires that when an entity purchases or is assigned the beneficial

4  interest in a loan on a property, it must notify the borrower in writing within 30 days of when the

5  loan is transferred.  In his complaint, however, plaintiff fails to identify a single date associated

6  with this claim and instead merely asserts, in a vague and conclusory manner, that the

7  "[d]efendants similarly violated 15 U.S.C. § 1641(g) . . . ."[7]  (Compl. (Dkt. No. 1) at 21.)

8         Finally, plaintiff's complaint alleges that the last assignment of the "beneficial interest" in

9  the loan on the Subject Property occurred on March 29, 2012.  (Compl. (Dkt. No. 1) at 4.)

10 Accordingly, the one-year statute of limitations set forth under §1640(e) expired on March 29,

11 2013.  This action was not commenced until October 18, 2013, almost seven months after the

12 statute of limitations had expired.  As noted above, plaintiff has made no attempt to argue the

13 applicability of equitable tolling.

14        Accordingly, for the reasons stated above, defendants' motion for judgment on the

15 pleadings will also be granted as to plaintiff's TILA claim.

16                                      LEAVE TO AMEND

17        For the reasons explained above, as to the claims found in the complaint over which this

18 court would have federal question jurisdiction, defendants' motion for judgment on the pleadings

19 will be granted and plaintiff's complaint dismissed for failure to state a claim upon which relief

20 may be granted.  The undersigned has carefully considered whether plaintiff may amend his

21 complaint to state a claim based upon federal law for which relief can be granted.  "Valid reasons

22 for denying leave to amend include undue delay, bad faith, prejudice, and futility."  California

23 Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988).  See also

24 Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983)

25 _____

26 [7]  The complaint also asserts that 15 U.S.C. § 1641(g) entitles plaintiff to "actual or statutory
   damage . . . ."  (Compl. (Dkt. No. 1) at 21.)  "To receive actual damages for a TILA claim, the

27 plaintiff must establish detrimental reliance on the § 1641(g) disclosure."  Vargas v. JP Morgan
   Chase Bank, N.A., 30 F.Supp.3d 945, 950 (C.D. Cal. 2014) (citing In re Smith, 289 F.3d 1155,

28 1157 (9th Cir. 2002)).  In his complaint, however, plaintiff does not allege detrimental reliance.

1  (holding that while leave to amend shall be freely given, the court does not have to allow futile

2  amendments).

3  Here, in light of the nature of plaintiff's allegations and arguments, the nature of the

4  defects addressed above, the fact that plaintiff did not attempt to amend his complaint when

5  several of these same defects were addressed by the previously assigned District Judge with

6  respect to another named defendant despite being granted leave to file an amended complaint and

7  the legal principles set forth above, the undersigned finds that granting further leave to amend

8  would be futile in this case.  See Chaset v. Fleer/Skybox Int'l, 300 F.3d 1083, 1088 (9th Cir.

9  2002) (there is no need to prolong the litigation by permitting further amendment where the

10  "basic flaw" in the underlying facts as alleged cannot be cured by amendment); Lipton v.

11  Pathogenesis Corp., 284 F.3d 1027, 1039 (9th Cir. 2002) ("Because any amendment would be

12  futile, there was no need to prolong the litigation by permitting further amendment.").

13                                    SUPPLEMENTAL JURISDICTION

14  As noted above, in addition to the federal causes of action addressed above, plaintiff's

15  complaint asserts state law causes of action.  A district court may decline to exercise

16  supplemental jurisdiction over state law claims if the district court has dismissed all claims over

17  which it has original jurisdiction.  28 U.S.C. § 1367(c)(3).  The court's discretion to decline

18  jurisdiction over state law claims is informed by the values of judicial economy, fairness,

19  convenience, and comity.  Acri v. Varian Associates, Inc., 114 F.3d 999, 1001 (9th Cir. 1997) (en

20  banc).  In addition, "[t]he Supreme Court has stated, and [the Ninth Circuit] ha[s] often repeated,

21  that 'in the usual case in which all federal-law claims are eliminated before trial, the balance of

22  factors . . . will point toward declining to exercise jurisdiction over the remaining state-law

23  claims.'"  Acri, 114 F.3d at 1001 (quoting Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.

24  7 (1988)).  See also Satey v. JP Morgan Chase & Co., 521 F.3d 1087, 1091 (9th Cir. 2008)

25  (recognizing this principle but noting that dismissal of the remaining state law claims is not

26  mandatory).

27  Of course, "primary responsibility for developing and applying state law rests with the

28  state courts."  Curiel v. Barclays Capital Real Estate Inc., Civ. No. S-09-3074 FCD KJM, 2010

1  WL 729499, at *1 (E.D. Cal. Mar. 2, 2010).  Here, consideration of judicial economy, fairness,

2  convenience, and comity all point toward declining to exercise supplemental jurisdiction.

3  Therefore, the court will decline to exercise supplemental jurisdiction over the complaint's state

4  law claims.

5                                        CONCLUSION

6          Accordingly, IT IS HEREBY ORDERED that:

7                1.  Defendants' November 10, 2014 motion for judgment on the pleadings (Dkt.

8  No. 28) is granted;

9                2.  Plaintiff's federal claims are dismissed without leave to amend;

10               3.  The court declines to exercise supplemental jurisdiction over any state law

11  claims and this action is dismissed without prejudice to plaintiff re-filing in state court a

12  complaint alleging any state law claims he wishes to pursue; and

13               4.  This action is closed.

14  Dated:  March 26, 2015

15

16                                      Dale A. Drozd
                                        _____
17  DAD:6                               DALE A. DROZD
    Ddad1\orders.consent\snell2178.jotp.ord.docx   UNITED STATES MAGISTRATE JUDGE
18

19

20

21

22

23

24

25

26

27

28